ROLAND ANDERSON PRO AMI

*vs.*

ANDROSCOGGIN PULP COMPANY

Cumberland.   Opinion December 13, 1926.

*Where one not an employee goes upon the premises of an employer only by permission or sufferance of the workmen and a foreman who has no authority to employ, and for his own pleasure or the convenience of the workmen is allowed to operate some machinery, he is not a servant of the employer, but as to him is a trespasser or a mere licensee to whom the employer owes no duty, except not to wantonly injure him.*

*The burden of affirmatively showing due care commensurate with his years rests on a minor who is injured as well as on an adult.*

In the instant case the evidence fails to show how the accident occurred or whether the plaintiff exercised any care to avoid it.

On exceptions by plaintiff.   An action to recover damages for the loss of four fingers and a part of the right hand of plaintiff, a minor, while operating a machine in the pulp mill of defendant at Steep Falls, on December 20, 1924.   The general issue was pleaded and at the close of plaintiff's testimony defendant moved for a non-suit which was granted and exceptions taken by plaintiff.   Exceptions overruled.

The case fully appears in the opinion.

*Samuel L. Bates and John J. Devine,* for plaintiff.

*Clement F. Robinson and Forrest E. Richardson,* for defendant.

SITTING:   WILSON, C. J., PHILBROOK, DEASY, STURGIS, BARNES, JJ.

WILSON, C. J.   An action to recover for personal injuries received by the plaintiff, a lad of fourteen years, through his hand being caught between two rolls while attempting to operate one of the machines in the defendant's pulp mill.   At the trial below after the evidence for the plaintiff was in, on motion of the defendant, the Justice presiding granted a non-suit.   The case is before this Court on exceptions to this ruling.

The exceptions must be overruled. The case is clearly governed by the principles laid down in *Welch* v. *Me. C. R. R.*, 86 Me., 552, and *Nelson Admr.* v. *Burnham Morrill Co.*, 114 Me., 213. The plaintiff was not in the employ of the defendant company. No obligation of master to servant existed. He was not in the defendant's mill to further any purpose of the defendant or of his own, except that of his own pleasure. He was not an invitee. The superintendent had ordered him to stay out. He was by permission or sufferance of the workmen and a foreman, but without authority, so far as the case shows, allowed to play about the mill and, for his own pleasure or to convenience some of the workmen, occasionally allowed to operate some of the machines.

On the occasion of his injury, he had taken the place of one of the workmen while he went out to smoke. So far as the defendant was concerned, he appears to have been a trespasser, but, even if a licensee, it owed him no duty, except not wantonly to injure him. *Russell* v. *M. C. R. R. Co.*, 100 Me., 406; *Stanwood* v. *Clancy*, 106 Me., 72; *Austin* v. *Baker*, 112 Me., 267; *Elie* v. *Street Railway*, 112 Me., 178. The evidence would not warrant a jury in finding such wanton disregard for the plaintiff's safety as the law requires to render an owner of property liable for injuries to a mere trespasser or even a licensee.

Again, in an action of this nature, the burden of showing due care on his part rests upon the infant as well as the adult, differing only in the degree required of one of his years. In the case at bar, however, there is not a scintilla of evidence showing due care on the part of the plaintiff or any care whatsoever. In fact no evidence was offered to show how he happened to catch his hand in the rolls, except that he reached over them to smooth out the pulp as it passed through, as he had seen the operators do, but how he did it, or how it happened that his hand was caught is not disclosed. Due care must affirmatively appear.

*Exceptions overruled.*