OTTO R. POOCK, Respondent, v. EGBERT STRAHL and HERBERT BAER, Appellants.— Judgment reversed on the law and complaint dismissed, with costs. The plaintiff, while upon the premises of the defendant, used as a factory for the manufacture of wax, received injuries by stepping into an unguarded vat containing hot water. Whether the status of the plaintiff was that of an invitee or a licensee when he entered upon the premises need not be determined, for his mission, whether personal or in the interest of the defendants, ended when he left the premises at the request of a workman to go on an errand for him. The accident occurred on his return and after an appreciable period of time and in one of the inner rooms of the defendants' factory. He was, therefore, at the time a bare licensee, and for his injuries the defendants are not liable. (*Fabisiak* v. *Empire Steel Partition Co., Inc.*, 228 App. Div. 665, affd., 255 N. Y. 593; *Cusick* v. *Adams*, 115 id. 55; *Barrett* v. *Brooklyn Heights Railroad Co.*, 188 App. Div. 109; affd., 231 N. Y. 605.) Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK EX REL. SALISBURY APARTMENTS, INC., Respondent, v. JAMES J. SEXTON and Others as Commissioners of Taxes and Assessments of the City of New York and Constituting the BOARD OF TAXES AND ASSESSMENTS OF THE CITY OF NEW YORK, Appellants. (Taxes of 1931.) — Order setting the matter down for a day certain affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK EX REL. JOSEPH F. PETTIT, Relator, v. WILLIAM SCHROEDER, JR., Chairman of the Sanitary Commission of the Department of Sanitation of the City of New York, Respondent.— Determination of the chairman of the sanitary commission of the department of sanitation confirmed and certiorari proceeding dismissed. In our opinion the evidence before the trial commissioner was sufficient to justify the relator's dismissal. Under rule 39 of the department, the commissioner had the right in his discretion to impose the penalties set forth in section 537 of the Greater New York Charter,* which includes dismissal, and was not bound to follow the provisions of the rule providing a penalty of a fine of two days' pay for a first offense of the character set forth in the charge against the relator. Young, Kapper, Scudder and Tompkins, JJ., concur; Lazansky, P. J., dissents on the following grounds: The dismissal of the relator was not warranted by the finding of guilt on the charge made against him. The punishment was too severe. The record indicates that the punishment was inflicted because he had committed another wrong, of which there is suspicion but no proof.

MAURICE RIVKIN, Appellant, v. HERTZ DRIV-UR-SELF STATIONS and JOHN NAVARRO, Respondents.— Judgment reversed on the law and a new trial granted, costs to appellant to abide the event. The court erred in excluding evidence to prove the plaintiff's usual income derived from his services as a professional man. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

---

* See N. Y. Local Laws of 1929, No. 13.— [REP.