No. 35,465

PHIL BESSETTE, *Appellant*, v. A. F. ERNSTING, doing business as the CLEO VESS BOTTLING COMPANY, *Appellee*.

(127 P. 2d 438)

Opinion filed July 11, 1942.

*Clarence R. Sowers*, of Wichita, argued the cause, and *Claud E. Sowers* and *Byron Brainerd*, both of Wichita, were on the briefs for the appellant.

*Vincent F. Hiebsch,* of Wichita, argued the cause, and *William J. Wertz* and *Milton Zacharias,* both of Wichita, were on the briefs for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This was an action for damages for personal injuries. The trial court sustained a demurrer to the evidence of the plaintiff. Plaintiff appeals.

The plaintiff is a sign painter. The defendant Ernsting was engaged in the soda-pop bottling business in Wichita. About two weeks prior to April 16, 1940, the defendant was moving his equipment into a vacant building in that city. Plaintiff knew the building had been vacant and when he saw a new tenant was moving in, stopped to solicit some sign-painting business. On April 16, 1940, in response to a telephone call, plaintiff again went to defendant's place of business. The petition alleged that plaintiff went to the rear of defendant's place of business; that defendant showed the plaintiff where a sign was crated and leaning against the wall; that plaintiff was to take the sign out of the crate, and that defendant told plaintiff where he could lay the sign on the floor to measure and estimate the cost of hanging it. It was alleged that near the place where plaintiff was working there were two large carbonic gas drums; that defendant knew where plaintiff was working and what he was doing; that as "defendant was attempting to roll a tank on a truck in the vicinity of these tanks which he knew were near the place where plaintiff was working, and defendant, in rolling said tanks on said truck, near said gas drums, did negligently, willfully and wantonly strike one of said gas tanks he was operating, knocking said gas tank over and upon the plaintiff, causing said carbonic gas drum to fall upon the left hand of this plaintiff," causing severe injuries complained of in the petition. It was alleged that "all of the alleged acts of negligence and carelessness and wantonness on the part of the said defendant, were the direct, controlling and proximate cause of this plaintiff's injuries and damages."

The court sustained a demurrer to plaintiff's evidence on the ground that the "evidence showed that plaintiff was a licensee and failed to prove a cause of action against defendant."

Plaintiff contends he was an invitee, or business visitor, and entitled to the protection the law gives to persons who enter premises in the possession of others as business visitors. Defendant asserts the plaintiff while on the premises in question was a mere licensee

and the defendant owed him no duty except to refrain from willfully or wantonly injuring him.

In Restatement, Torts, § 330, a licensee is defined:

"A licensee is a person who is privileged to enter or remain upon land by virtue of the possessor's consent, whether given by invitation or permission."

See *Toomey v. Wichison Industrial Gas Co.*, 144 Kan. 534, 61 P. 2d 891.

In Restatement, Torts, § 332, a business visitor is defined:

"A business visitor is a person who is invited or permitted to enter or remain on land in the possession of another for a purpose directly or indirectly connected with business dealings between them.

"*Comment:* a. Two classes of business visitors. Business visitors fall into two classes. The first class includes persons who are invited or permitted to come upon the land for a purpose directly or indirectly connected with the business which the possessor conducts thereon, as where a person enters a shop to make a purchase or to look at the goods displayed therein or where he enters a factory as an employee or to deliver raw materials. The second class includes those who come upon the land for a purpose which is connected with their own business which itself is directly or indirectly connected with any purpose, business or otherwise, for which the possessor uses the land. Thus, a delivery man of a provision store while delivering goods to residence is a business visitor of the possessor thereof. So, too, is a workman who comes to make alterations or repairs on the land used for such purposes."

See *Kurre v. Graham Ship By Truck Co.*, 136 Kan. 356, 359, 15 P. 2d 453; *Bass v. Hunt,* 151 Kan. 740, 100 P. 2d 696.

From the testimony it appears that plaintiff had called upon defendant about two weeks prior to April 16, the date of the injury. On April 16, in response to a phone call, plaintiff returned to defendant's place of business. Defendant showed plaintiff a photograph of the sign as it would appear when put together, took plaintiff to the rear of the building where the crate containing the sign was located, and furnished plaintiff a crowbar and hammer to tear the crate apart. Defendant helped plaintiff in taking the sign out of the crate and instructed plaintiff, "Lay them on the floor, there will be nobody to bother you." Plaintiff had taken the sign out of the crate and had placed the parts on the floor when the tank fell on his hand and caused the injuries.

The defendant was interested in getting the sign erected in front of his new business location. The business was for the economic benefit of the defendant as well as the plaintiff. The plaintiff was a business visitor, and defendant was under an affirmative duty to protect plaintiff not only against dangers of which defendant was

aware, but also against those which with reasonable care he might discover.  (Prosser on Torts, § 79.)

It does not follow, however, that the court erred in sustaining the demurrer to plaintiff's evidence.  There was no evidence that defendant willfully and wantonly knocked the gas tank over and upon the plaintiff, as alleged.  In support of the specific allegations of negligence, the plaintiff testified:

"I took the signs out of the crate.  I looked all around me and there wasn't a soul around me, to be sure I wouldn't hurt anything or myself. There was a big tank as high as an automobile made out of galvanized iron. I could stand up and not see over the top of it.  It must have been at least seven feet and maybe ten feet across.  There was a carbonic gas tank sixteen inches in diameter and four to four and one-half feet high, which must have been leaning up against the galvanized tank.  Mr. Ernsting was on the opposite side of the galvanized tank.  I hadn't seen a thing of him.

"Q. What was he doing behind the big tank when this drum fell over on you?  A. I could not see him.

"Q. Well, did you see how this drum fell over on your hand?  A. I had my back turned to it when it fell.

"Q. Do you know how this tank fell on you?  A. No, I don't, because I had my back turned toward it."

The defendant, called as a witness in behalf of the plaintiff, testified:

"I was rinsing out these tanks.  I was washing these tanks out and I was leaning them up against a dolly to turn them and I was going to return them to their place in the central part of the building.  I didn't know that Mr. Bessette was so near there or so near where I was working until the dolly had struck apparently the carbonic gas drum.  I don't think the gas drum fell over until the dolly fell against it.

"Q. Did the tank strike a carbonic gas drum?  A. It did not.

"Q. Did it not strike a carbonic gas drum?  A. No, sir.

"Q. State whether or not you saw the dolly strike the carbonic gas drum. A. I did not.

.    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"Q. Did you know that this man was working back of those tanks?  A. No, sir, I didn't realize that he was near me where I was working.

"Q. Did you see him?  A. No, sir, I could not see him."

In testing the sufficiency of the evidence as against a demurrer, we are to consider all of the plaintiff's evidence as true; we are to consider that favorable to the plaintiff and disregard that which is unfavorable; we are to make all inferences favorable to the plaintiff and not weigh any part that is contradictory.  (*Robinson v. Short,* 148 Kan. 134, 79 P. 2d 903.)  The record fails to disclose

wherein the defendant, possessor of the premises, violated. any duty he was under to protect plaintiff as a business visitor on the premises. (See *Bass v. Hunt,* supra.) No negligence of defendant was shown. Proof of negligence cannot rest on mere conjecture, but must be established by competent evidence. The ruling of the court on the demurrer to the evidence was correct. The judgment is affirmed.

HARVEY, J., dissents.