No. 38,315

VICTOR STEINMEYER, *Appellant*, v. C. M. McPHERSON and W. B. NOLAN, Individually and as Partners doing business as Kansas Auto Wrecking Company, *Appellees.*

(232 P. 2d 236)

Opinion filed June 9, 1951.

*Frank P. Eresch*, of Topeka, argued the cause, and *Peter F. Caldwell*, of Topeka, was with him on the briefs for the appellant.

*David H. Fisher*, of Topeka, argued the cause, and *Irwin Snattinger*, of Topeka, was with him on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: The plaintiff appeals from an order sustaining a general demurrer to his amended petition in which he sought to recover damages for personal injuries.

The part of the petition necessary for a review of the ruling reads:

"The plaintiff, Victor Steinmeyer, is a resident of Topeka, Shawnee County, Kansas.

"The defendants, C. M. McPherson and W. B. Nolan, are residents of Topeka, Shawnee County, Kansas, and are, and have been for many years, partners doing business as Kansas Auto Wrecking Company. . . .

"The defendants use and occupy a tract of land at 634 West First Street in carrying on their business as Kansas Auto Wrecking Company in which business they buy and wreck old and used motor vehicles, dismantle them, store various auto parts on the premises and offer them for resale as used auto parts. In connection with said business the defendants keep watch dogs on the said premises to protect their property against thieves and pilferers.

"The plaintiff has been acquainted with the defendants for a number of years and has been a business customer of the Kansas Auto Wrecking Company. During the month of December, 1949, the plaintiff and defendants orally agreed and arranged that plaintiff would permit defendants to keep plaintiff's dog on the premises at 634 West First Street as a watch dog for the protection of defendant's property.

"On the 28th day of December, 1949, the plaintiff entered the premises of the defendants at 634 West First Street, at a time when said premises were open for business. He proceeded along a narrow pathway, lined on either side with various and sundry used auto parts stored on the premises, back to the place where plaintiff's dog was being kept by defendants. Plaintiff picked up a carton or box used as a food box for said' dog and started carrying it back along said narrow pathway toward the defendants' business office for the purpose of getting more food for said dog. While walking back along said pathway, plaintiff stepped into a small depression in which there was some ice accumulated, and slipped and fell. In said fall plaintiff's left foot and leg struck some metallic auto parts which were stored along said pathway, and plaintiff's left foot was severely injured including a fracture of the interior malleous and a fracture of the fibula at and just above the ankle joint level; and also a fracture through the posterior-inferior aspect of the tibia.

"After said fall and as a result thereof plaintiff was taken in an ambulance to Vail Stormont Hospital where his left foot and ankle were x-rayed and placed in a cast. He remained at the hospital 5 days and was then removed to his residence where he was confined until the cast was removed about March 24, 1950.

"The injuries suffered by plaintiff were proximately caused by the negligence of the defendants in

"(1) Failing and neglecting to keep the pathway on their property, where plaintiff fell, in reasonably safe condition for the use of their business invitees and others rightfully traveling on said pathway.

"(2) In permitting a depression in said pathway to exist and become coated with ice, without filling up said depression and removing said ice.

"(3) In failing and neglecting to place a warning sign to warn persons using said narrow pathway of the depression covered with ice in said pathway.

"(4) In maintaining a narrow pathway lined with heavy metal used auto parts, so narrow that anyone slipping or losing his balance and falling was in danger of severe personal injuries as a result of striking his body against said used parts."

Appellant complains of the trial court's ruling contending (1) the petition discloses he was a business invitee, or, in other words a business visitor; that business visitors are of two classes, one class being, for example, where a person enters upon the premises of another to look at goods on display or to make a purchase, and the other class being one where a person enters the premises for a purpose connected with *his own business* which is directly or indirectly connected with the purpose or business of the possessor of the premises, as, for example, where the former delivers some article of merchandise onto the premises of the latter (Restatement, 2 Torts, § 332); and (2) that the petition did not on its face disclose appellant's contributory negligence.

Appellees assert this petition did not allege facts disclosing appellant was a business invitee but, at most, showed he was a licensee; and (2) the petition discloses contributory negligence on the part of appellant. With these contentions before us we shall examine the petition.

We observe it alleges appellant *had been* a business customer of appellees. It does not state, however, that he was a customer on this occasion. A person, of course, may well have been a customer of a trade or business on past occasions and not be such at a later date. There is no allegation that upon his arrival on the premises, or at any time thereafter, appellant went to the office or spoke to any of the appellees or their employees elsewhere, indicating he was there for some business purpose. It is not stated he entered upon the premises with a view of purchasing any automobile part, or parts, or even that he was there to ascertain what parts they might have available on the premises should he be interested in making a purchase at some later date.

On the contrary the petition rather clearly indicates he went there on a purely personal mission to see his dog and that he thereafter

undertook to feed him. There is no averment the dog was not being properly fed by appellees or that it was appellant's duty or responsibility under their arrangement to feed the dog. Although an interest in one's dog is a quite understandable and commendable trait the petition in nowise tends to indicate the feeding of the dog was any part of appellant's own business while it remained in the possession and under the control of appellees.

It is not alleged appellant was invited onto the premises or that appellees permitted him to enter or remain thereon. In fact it is not alleged they knew of his presence on the premises. In view of the pleaded and omitted facts we think the petition fails to disclose appellant was more than a licensee.

It is generally held a licensee is a person who is privileged to enter or remain upon land by virtue of the possessor's consent, whether given by invitation or permission. (*Bessette v. Ernsting*, 155 Kan. 540, 127 P. 2d 438.) Ordinarily the only duty an owner or occupant of premises owes to a licensee is the duty to refrain from willfully, intentionally or recklessly injuring him. (*Toomey v. Wichison Industrial Gas Co.*, 144 Kan. 534, 61 P. 2d 891; *Bessette v. Ernsting*, supra; 38 Am. Jur., Negligence, § 104.) The petition does not reflect a violation of that duty.

Furthermore we think the meager allegations of this petition cannot be held to state a cause of action even if appellant could be regarded as a business visitor or business invitee. The proprietor of a trade or business is not an absolute insurer of the safety of customers. He is, however, liable for failure to maintain his premises in a reasonably safe condition for the protection of customers unless they know, or from facts they should know, of the possessor's activities and of the risk involved therein. (Restatement, 2 Torts, § 341.) Latent defects must be known to the proprietor or have existed for such time as to make it his duty to know thereof. (*Thogmartin v. Koppel*, 145 Kan. 347, 65 P. 2d 571.)

Here the alleged defect existed in a passageway which the petition does not describe as a regular and customary path for the use of business visitors or invitees. Assuming, however, it was such a passageway it would not be expected to be entirely level on a lot used for the storage of old automobile parts. Moreover, the alleged defect is described as a "small depression" in which some ice had accumulated. Such depressions are frequently caused by the handling of heavy machinery. Insofar as the petition is concerned this "small depression" might have been caused by the handling of

heavy machinery on the very day appellant was injured and wholly without appellees' knowledge. The petition does not tend to indicate appellees knew of its existence. It does not allege facts from which it reasonably could be inferred they should have been aware of its presence. Nor does it allege there had been ice on that particular spot for any length of time. This was in December, a cold winter month. The ice, too, might have formed there the day before or on the very day in question. Under this combination of circumstances it appears to us the petition fails to charge appellees with want of reasonable care.

Appellant argues the amended petition was not motioned and hence was entitled to a liberal interpretation on attack by demurrer. That is true insofar as the pleaded facts are concerned. Failure, however, of a defendant to attack a petition by a motion to make the pleaded facts more definite and certain does not perform the function of supplying the petition with omitted facts constituting essential elements of a cause of action.

Appellees argue the petition really discloses appellant knew or should have known more about the alleged defect than it alleges appellees knew or should have known. They stress the fact appellant passed over this exact place in previously going to the back part of the lot and if the depression constituted anything out of the ordinary he should have observed it; that he stepped onto the ice on his return and was, therefore, guilty of contributory negligence in failing to avoid stepping onto it. In view of what has been said previously herein we need not pursue the question of appellant's contributory negligence.

The order sustaining the demurrer is affirmed.