No. 41,981

PATRICIA L. BACKMAN, *Appellant*, v. VICKERS PETROLEUM COMPANY, INC., *Appellee.*

(357 P. 2d 748)

Opinion filed December 10, 1960.

*John C. Frank,* of Wichita, argued the cause, and *Robert S. Lomax* and *Fred J. Gasser,* both of Wichita, were with him on the briefs for the appellant.

*Robert M. Siefkin,* of Wichita, argued the cause, and *George B. Powers, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Malcolm Miller, Robert N. Partridge, Richard C. Harris, Gerald Sawatzky, Donald L. Cordes, Robert L. Howard,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: Mrs. Backman sued the Vickers company alleging that she had slipped on a patch of ice on a parking lot while visiting the company's central offices on the evening of December 12, 1956, and that Vickers company had been negligent in allowing the ice to form on the parking lot and that therefore the company was responsible for her severe personal injuries. At the trial of the case, the court sustained a demurrer to plaintiff's evidence, and she appeals.

As the court views the instant case, the controlling question in the appeal is the status of Mrs. Backman at the time of her visit to the company's office on the night in question. Was she a business invitee or was she a mere licensee?

Under the facts produced in plaintiff's evidence at the trial, the court is of the opinion that Mrs. Backman was shown to be only a licensee.

Before giving a summary of plaintiff's evidence, we would pause to observe that plaintiff's evidence is to be considered most favorably to plaintiff's contentions, and every conflict in that evidence must on demurrer be resolved in her favor. The cases of *Drake v. Moore*, 184 Kan. 309, 336 P. 2d 807; and *Hoff v. Johnston*, 186 Kan. 214, 349 P. 2d 873, fully expounded this rule and cite our cases supporting it.

The plaintiff's evidence showed that her husband was an auditor and had been employed by Vickers since sometime in January, 1956; that at the time Mr. Backman took his position with the company and at all times up to the time of the accident, the management of the company had always welcomed plaintiff's visits to the office building; that during the summer months certain recreational facilities were provided on the company premises including a swimming pool and that plaintiff had used the pool during the summer months.

On December 12, 1956, when Mr. Backman came home for his evening meal, he advised his wife that the work at the office was behind and that it would be necessary for him to return to the office that evening. It was agreed by the couple that Mrs. Backman would take Mr. Backman and their eighteen-month-old daughter to the office building; that Mr. Backman would keep the child at the office while he worked at his desk, and that Mrs. Backman would go on down town to do some shopping.

Plaintiff dropped her husband and child off at "Vickeridge" at about 6:00 o'clock that evening and returned to get them at around 8:00 o'clock. She drove around back of the building and then into what seems to have been an employee's parking lot. She apparently parked facing south just east of two other parked cars and got out on the right side of the car. The parking lot was paved with blacktop asphalt. It was dark but she could see the lights from the office windows. She went on into the building and found her husband who told her that he was not yet ready to go. He suggested that she take the baby and go on home and that he would catch a ride with another employee. It was arranged between the Backmans that she would get the car and drive around to the front

door and he would bring the child out and put her in the car at the door so that she would not be out in the cold air so long.

Plaintiff started out to get her car and attempted to go around to get in on the left or driver's side but in doing so, she stepped on some ice which had formed in a depression in the pavement. She slipped and in falling hit her head and was knocked unconscious for a time. When Mr. Backman failed to see the car lights come on or hear a motor start, he came out to the parking lot and found his wife on the ground. She revived and recovered consciousness at about that time. She did not then realize that she had severely injured her back.

The plaintiff's evidence further showed that the depression was some two inches deep and four or five feet in diameter; that it would fill with water which would be thawed in the daytime but freeze solid at night; that on Monday before the Wednesday evening on which plaintiff fell, some one had told the manager of the company about slipping on the ice in the depression. Of course, plaintiff's testimony was to the effect that it was dark and that she had been unable to see the ice or the depression.

In attempting to reverse the trial court's ruling on the demurrer to plaintiff's evidence, plaintiff contends that her husband had the status of a business invitee, and that she had the same status as that of her husband. She refers the court to a number of cases including the annotation as to the liability in the operation of parking lots appearing in 14 A. L. R. 2d 780. The trouble is that, in our opinion, the facts of the cases relied upon by the plaintiff differ from the case before the court. In a general way, we may illustrate by saying it should be clear that the wife and passenger in a car of the driver who pays for parking in a lot is certainly a business invitee. On the other hand, that is not the case at bar. In some cases in which the facts were more nearly like this case, the courts have actually held plaintiff to be a licensee, but found defendant liable in damages because of "active negligence."

Neither party has cited a case in this jurisdiction which presents facts closely comparable to the instant case, but the terms "licensee" and the duty of the owner of the premises toward such person were defined by this court in *Steinmeyer v. McPherson*, 171 Kan. 275, 232 P. 2d 236, as follows:

"A licensee is a person who is privileged to enter or remain upon land by virtue of the possessor's consent, whether given by invitation or permission.

"Ordinarily the only duty an owner or occupant of premises owes to a mere licensee is the duty to refrain from willfully, intentionally or recklessly injuring him."

Attention is also directed to *Bessette v. Ernsting,* 155 Kan. 540, 127 P. 2d 438; *Toomey v. Wichison Industrial Gas Co.,* 144 Kan. 534, 61 P. 2d 891, and to the various supporting authorities cited in the above cases.

Moreover, appellee directs our attention to the case of *Gotch v. K. & B. Co.,* 93 Colo. 276, 25 P. 2d 719, 89 A. L. R. 753, and to the annotation following that case in A. L. R., p. 757. In the Gotch case, it was held that a mother who brought lunch to her son, an employee of the defendant, and fell in an unguarded elevator shaft was a mere licensee. In the annotation are found many cases from other states holding that a visitor of an employee is only a licensee of an employer.

We are unable to distinguish the present case from the above authorities and must decide that the trial court was correct in holding under the facts proven that plaintiff in this case was a licensee. Therefore, plaintiff has failed to show a breach of duty owed to her by the defendant under the rules set out *supra.* We do not feel that plaintiff became a business invitee because the people at the Vickers company were polite to plaintiff and invited her to use the swimming pool and arranged other social functions at which she was welcomed.

Since the above holding disposes of this appeal, we do not need to pass upon whether from the facts proved plaintiff was guilty of contributory negligence, neither do we need to consider the question of whether plaintiff's photograph of the depression was admissible or whether the jury should have been given a view of the premises.

The judgment appealed from is hereby affirmed.

WERTZ, J., not participating.