No. 42,010

ROSELLA E. HOGAN, *Appellant* v. HESS CONSTRUCTION COMPANY, INC., *Appellee*.

(358 P. 2d 755)

Opinion filed January 21, 1961.

*Robert B. Wareheim,* of Topeka, argued the cause, and *George E. McCullough, W. L. Parker, Jr.,* and *Philip J. Saia,* all of Topeka, were with him on the briefs for the appellant.

*James L. Grimes, Jr.,* of Topeka, argued the cause, and *M. F. Cosgrove, Robert E. Russell, Willard N. Van Slyck, Jr., William B. McElhenny, O. R. Stites, Jr.,* and *Lawrence D. Munns,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

JACKSON, J.: Appellant, as plaintiff, filed her petition in the court below to recover damages from alleged personal injuries due to alleged negligence on the part of the appellee construction company and its agents. The court sustained a demurrer to the petition upon the ground that the petition did not state facts sufficient to constitute a cause of action against the defendant company, and the plaintiff appeals that question to this court.

The important allegations in the present appeal appear in the third paragraph of the petition, which reads as follows:

"3.  That on the 7th day of September, 1959, plaintiff accompanied her husband, Duane J. Hogan, for the purpose of assisting him in performing some television wiring work at the Hess Construction Apartments, which are located southeast of the intersection at 29th and Gage Streets, in Topeka, Kansas; that the defendant is the general contractor for the construction of these apartments and, as such, is in complete control of the premises involved; that on the above day, plaintiff's husband, Duane J. Hogan, was employed by Bob's Service Center, of 700 Lincoln, Topeka, Kansas; that Bob's Service Center had been engaged by defendant through verbal agreement by and between defendant and Bob's Service Center to install the television lead-in and transformer wiring in the aforementioned apartments; that in pursuance of said verbal agreement, plaintiff's husband, Duane J. Hogan, as an employee of Bob's Service Center, was installing the said wiring in the various buildings on the premises, with the assistance of the plaintiff; that in the third building from the west end of the south row of said apartment buildings, plaintiff and her husband were about to install some wiring of the aforementioned types when it appeared that access to the receptacle into which the said wiring was to be fastened was obstructed by numerous sheets of sheetrock siding; that said siding had been stacked by defendant, or by an agent of defendant unknown to plaintiff, against the wall of a utility room in the aforesaid building, so that it not only obstructed access to the receptacle aforementioned, but also presented a dangerous condition to workers within the building and persons otherwise lawfully on the premises; that said stacks of sheetrock were not fastened or braced in any way, nor were there any guards surrounding them or any notices placed by defendant to warn of the said dangerous condition; that inasmuch as access to the receptacle was blocked by the aforementioned stacks of sheetrock, it was necessary to remove the said obstructions before work could proceed on the aforesaid wiring; that plaintiff, in an attempt to assist her husband in the completion of the wiring, began to remove the said obstructing pieces of sheetrock siding, whereupon approximately fourteen sheets of the said siding, measuring four feet by twelve feet by one-half inch and weighing collectively about 1,350 pounds, abruptly toppled over onto the plaintiff, pinning her underneath on the floor of the said building, and causing her to incur numerous grievous injuries, as hereinafter more particularly set out."

The petition continues by alleging in the fourth paragraph the particulars of the defendant's negligence in failing to provide a safe place to work or to warn plaintiff of the danger.  The fifth paragraph alleges the serious injuries of the plaintiff.

From the above summary of the petition, it becomes apparent at once that the most important feature of this case is as to the status of the plaintiff on the premises at the time of her injury. Was plaintiff a business guest or a licensee?  In other words, what

duty did defendant owe plaintiff in regard to providing for her safety?

Plaintiff quite rightly directs our attention to the proposition that the petition is to be most liberally construed in favor of the pleader as against the demurrer (*Dugger v. State Highway Commission,* 185 Kan. 317, 342 P. 2d 186). Applying this rule of construction to the above petition, it is clear that the plaintiff's husband is alleged to have been the general employee of Bob's Service Center, and was also what is often called a "special employee" of the defendant. At the time in question, the husband had as much right to be on the premises as he would have as a general employee of the defendant. As to the plaintiff wife, it appears that she was neither the employee of the defendant nor the employee of Bob's Service Center, and that she was in fact the invitee or guest of her husband upon the premises. She came along with him on the Labor Day holiday for mutual companionship and to help him in his work in any way in which she could assist him. All of which was entirely laudable and commendable. But the question is, how much duty did defendant owe plaintiff to take precautions for her safety?

Counsel for both parties cite a number of cases bearing to some extent upon the above question, but on December 10, 1960, after the case now at bar had been argued, this court handed down the decision in *Backman v. Vickers Petroleum Co.,* 187 Kan. 448, 357 P. 2d 748. The Backman case is probably closest to the present case of any in this jurisdiction. There a wife had taken an employee to work in the family automobile, and later had returned to get her husband. In parking and going into the office building, the wife slipped on ice in the parking lot. It was decided that the wife, as the guest of her husband, was only a licensee of the employer of her husband.

We are convinced that the same rule undoubtedly applies to the plaintiff in this case. It is true that no cases were cited in the Backman case in which the employee's guest had performed any work on behalf of the employer as is alleged in our present case. But such cases in other jurisdictions are not lacking, see: *Anderson v. Pulp Company,* 126 Me. 5, 135 Atl. 249; *Shea v. Gurney,* 163 Mass. 184, 39 N. E. 996, 47 Am. St. Rep. 446; *Lackat &c. v. Lutz,* 94 Ky. 287, 22 S. W. 218; and *Poock v. Strahl, et al.,* 237 App. Div. 842, 261 N. Y. S. 48, reargument denied 261 N. Y. S. 969. We again

direct attention to the annotation in 89 A. L. R. 757, and to the supplementary service thereof.

Since plaintiff was a licensee in this case now before the court, the allegations of the petition do not show any breach of duty upon the part of the defendant. He is not alleged to have willfully, intentionally or recklessly injured plaintiff, see *Backman v. Vickers Petroleum Co.,* supra, syl. ¶ 2.

It would appear from the above that the trial court was correct in sustaining the demurrer to plaintiff's petition, and that the order should be reaffirmed.

It is hereby so ordered.