No. 54,601

JANET D. HANKS, *Plaintiff-Appellant*, v. RIFFE CONSTRUCTION COMPANY, ALTON OWENS, d/b/a OWENS DRYWALL, and KENNELL BUILDING MATERIALS, INC., *Defendants-Appellees.*

(658 P.2d 1030)

Opinion filed February 19, 1983.

*Adra E. Burks,* of Alder, Nelson & McKenna, of Overland Park, argued the cause, and *Bryan E. Nelson,* of the same firm, was with her on the briefs for the appellant.

*Irma S. Russell,* of Payne & Jones, Chartered, of Olathe, argued the cause, and *Michael G. Norris,* of the same firm, was with her on the brief for the appellee Riffe Construction Company.

*David M. Druten,* of Rushfelt, Mueller, Druten & Moran, of Overland Park, argued the cause, and *William P. Coates, Jr.,* of the same firm, was with him on the brief for the appellee Kennell Building Materials, Inc.

*Paul Hasty, Jr.* and *Michael P. Oliver,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, were on the brief for the appellee Alton Owens, d/b/a Owens Drywall.

The opinion of the court was delivered by

PRAGER, J.: This is an action brought by the plaintiff, Janet D. Hanks, to recover damages for personal injuries sustained when a stack of sheetrock fell on her leg. The accident occurred in Lenexa, Kansas, at the construction site of a residence being built under contract between the defendant, Riffe Construction Company, and plaintiff and her husband, David Hanks. The plaintiff's theory of recovery was based on the alleged negligence of the defendants.

There are three defendants in the case: Riffe Construction Company was the general contractor and owner of the land

where the house was being constructed for the Hanks. Alton Owens, d/b/a Owens Drywall, was the subcontractor in charge of the installation of sheetrock in the house. Kennell Building Materials, Inc., was the materialman which delivered and apparently stacked the sheetrock in the house on the day before the plaintiff's injury occurred.

The district court granted summary judgment in favor of each of the defendants on their separate motions for summary judgment. The plaintiff has appealed from the orders granting each defendant summary judgment. The basic issue presented on the appeal is whether the trial court prematurely granted summary judgment because there were unresolved factual issues existing in the case.

Prior to the time summary judgment was entered, a pretrial conference had been held. The pretrial order noted the claims of the parties and ordered the parties to have the case ready for trial by June 1, 1982. Time for pretrial discovery was extended to 30 days prior to the trial which would be May 1, 1982. At the time summary judgment was entered by the court on April 8, 1982, discovery depositions of the plaintiff, her husband, and Henry H. Riffe, president and owner of defendant Riffe Construction Company, had been taken. Additional depositions had been scheduled but not taken for Alton Owens, owner of Owens Drywall, and certain employees of defendant Kennell Building Materials, Inc., who had delivered the sheetrock to the construction site and stacked it initially. It should also be noted that plaintiff had received and delivered to defendants' counsel a letter report of an engineering expert, Wayne G. Lischka. According to Lischka, the recommended procedure for storing sheetrock is to lay it flat on the floor in order to reduce the chances of the sheetrock falling over and causing personal injury and in order to avoid damaging the edges of the sheetrock. Lischka's deposition had not been taken by the defense and counsel for the defendants had not come forward with the names of any experts to counter Lischka's opinion as to the proper procedure to be utilized in stacking sheetrock.

On the record before us, it cannot be denied that discovery had not been completed by plaintiff and the period provided by the court for discovery had not expired at the time summary judgment was granted on April 8, 1982. In granting summary judg-

ment in this case, the trial court did not comply with Supreme Court Rule 165 (230 Kan. lxxxix) in that it failed to make the required findings of fact and conclusions of law which controlled the decision. This court, therefore, does not have the benefit of the trial court's factual determinations nor the legal principles upon which the trial court concluded that summary judgment should be granted.

Apparently, the trial court entered summary judgment in favor of the defendants on the basis that the plaintiff was, as a matter of law, a mere licensee on the premises at the time she was injured and that the only duty owed by any of the defendants to her was to refrain from willful or wanton conduct causing her injury. This rationale was based on the status doctrine which has traditionally been followed in Kansas.

The first issue which we must determine is whether, on the basis of the factual circumstances shown in the depositions taken to date, the plaintiff had the status of a licensee or of a business invitee. There have been many decisions of this court defining the term "licensee" and "invitee." The general principles to be applied in determining the status of a person who is present on the premises of another with the possessor's consent have been stated many times. However, as pointed out by Justice Fontron in *Weil v. Smith,* 205 Kan. 339, 341, 469 P.2d 428 (1970), "vexing problems continue to arise with respect to the application of those principles under the facts of specific situations."

The general principles which are applied in such cases are set forth by Justice Schroeder [now Chief Justice] in *Lemon v. Busey,* 204 Kan. 119, Syl. ¶¶ 2-8, 461 P.2d 145 (1969), as follows:

(1) The owner or occupier of property owes an "invitee" a duty to exercise ordinary care for his safety, but the owner or occupier of property owes to a "licensee" only the duty to avoid willfully, intentionally or recklessly injuring him.

(2) An "invitee" is either a public invitee or a business visitor.

(3) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.

(4) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.

(5) The fact that a person is invited to visit the premises of another does not make him a public invitee. The purpose of his visit determines his status.

(6) The meaning of the word "invitee" is more limited than that of "invitation" in the popular sense, and not all of those who are invited to enter upon land are invitees.

(7) A licensee is a person who is privileged to enter or remain upon premises by virtue of the possessor's consent, whether given by invitation or permission.

These definitions follow those in Restatement (Second) of Torts §§ 330 and 332 (1965).

Similar definitions are recognized in *Bessette v. Ernsting,* 155 Kan. 540, 542, 127 P.2d 438 (1942). See also *Hendrix v. Phillips Petroleum Co.,* 203 Kan. 140, 453 P.2d 486 (1969); *Backman v. Vickers Petroleum Co.,* 187 Kan. 448, 357 P.2d 748 (1960); *Strauss v. Missouri Pacific Rld. Co.,* 175 Kan. 98, 101, 259 P.2d 145 (1953); and *Steinmeyer v. McPherson,* 171 Kan. 275, 232 P.2d 236 (1951). See also PIK Civ. 2d 12.01 and 12.10 (1977).

Our problem is somewhat complicated by the fact that, at times, our decisions have used different terminology when defining a licensee or invitee. For example, some of our decisions state that the status of the injured party depends on whether he was on the premises for the benefit of the invitee or for the mutual benefit of both the invitee and the inviter. *Gerchberg v. Loney,* 223 Kan. 446, 576 P.2d 593 (1978). In *Zuther v. Schild,* 224 Kan. 528, 581 P.2d 385 (1978), it is stated that the benefit necessary to convert a licensee to an invitee is ordinarily a business, economic, pecuniary, or commercial benefit. In *Weil v. Smith,* 205 Kan. at 345, it is stated that a financial benefit to an owner or tenant of land is not an essential factor in the creation of an invitee status. All of the cases recognize that whether a person has the status of invitee or licensee depends upon the particular facts and circumstances in each particular case. In *Hendrix v. Phillips Petroleum Co.,* 203 Kan. 140, it was held that independent contractors on property as business visitors or invitees of the possessor thereof owe a duty to exercise ordinary care for the safety of each other, while they are on the premises of their common employer in connection with the discharge of their respective duties.

It is undisputed that the contract between defendant Riffe

Construction Company and the Hanks provided that the Hanks should receive a $400 credit to be applied on the buyer's gross cost for furnishing labor for laying sod and also for labor and materials to clean up the property during construction. By the execution of the real estate contract, plaintiff and her husband became *owners* of a contract interest in the property. This contract gave them rights in the property substantially different from those of the casual visitor to the premises who is there only with the permission of the owner. The contract clearly recognizes that the plaintiff and her husband were to have a role in the construction of the residence which they were purchasing.

According to the depositions, throughout the progress of the construction the plaintiff and her husband from time to time had criticism about the quality of the workmanship. They would contact Riffe's employees, requesting that corrections be made. in certain areas. There was evidence that, on the day previous to the day plaintiff was injured, she and her husband found gaps in the insulation which apparently the contractor did not intend to correct before the sheetrock was installed. There was evidence that the Hanks had made contact with Chester Wilburn, the building superintendent, and received permission to install additional insulation before the sheetrock was installed. According to the deposition of David Hanks, Wilburn told them where to purchase the insulation which they were going to install. Also, according to David Hanks, defendant Owens was contacted regarding the specific area in which the sheetrock installation would commence. This testimony, if true, would show that defendants, Riffe Construction Company and Owens Drywall, had knowledge that the plaintiff and her husband would be on the premises adding insulation to different areas in the house before the sheetrock was installed.

Under all of the factual circumstances shown here, we hold that plaintiff, Janet D. Hanks, was a business invitee within the definition of that term as set forth above. The plaintiff would not fall in the category of a *public* invitee, but as a matter of law would be in the category of a person who is invited to enter or remain on land *for a purpose directly or indirectly connected with business dealings with the possessor of the land.* It cannot be denied that there were business dealings between the plaintiff and Riffe Construction Company arising from the contract

entered into between them for the construction of a residence and the sale of the property to plaintiff and her husband. We hold that the trial court erred in holding that plaintiff, Janet D. Hanks, was a licensee and not a business invitee.

We will next turn to the question of whether or not there was a bona fide issue of fact on the question of negligence on the part of each of the three defendants. We have concluded that there may be factual issues on the question of liability in this case. In Kansas, we have two cases involving injuries to persons resulting from the falling of improperly stacked sheetrock. In *Hogan v. Hess Construction Co.*, 187 Kan. 559, 358 P.2d 755 (1961), a wife accompanied her husband to his place of work on a holiday for the purpose of being with him and assisting him in his work. She was injured when a stack of sheetrock siding toppled over onto her pressing her underneath on the floor and causing her to suffer personal injuries. In that case, this court held that the plaintiff had only the status of licensee and, there being no evidence of willful or wanton misconduct on the part of the possessor of the land, there was no liability as a matter of law. A different result would have been reached in that case had the injured person had the status of a business invitee on the premises. In *Blackburn v. Colvin*, 191 Kan. 239, 380 P.2d 432 (1963), the plaintiff sustained personal injuries while in the partially constructed home of the defendant. Plaintiff was injured when improperly stacked sheetrock fell upon him and caused him injury. The case was submitted to the jury on the theory that the plaintiff was a licensee and that the defendant owed plaintiff the duty not to willfully or wantonly injure him. It was held on appeal that, on the evidence presented, there was sufficient evidence of wantonness and recklessness in the stacking of the sheetrock to sustain a jury verdict in favor of the plaintiff.

In view of these cases, we have concluded that there is a bona fide issue of liability in this case. From what has been said above, we find that the trial court erred in granting summary judgment in favor of each of the three defendants, because the factual circumstances have not yet been fully developed by discovery and because there appears to be a bona fide factual dispute as to the negligence of the three defendants. It may well be, however, that on further discovery certain defendants will be eliminated from the lawsuit.

The judgment of the district court is reversed and remanded with directions to permit the parties to complete their pretrial discovery and for further proceedings.