428

(660 P.2d 81)

No. 54,429

EVELYN R. ROUSE, *Appellant,* v. LUTHER FEWIN, *Appellee.*

Opinion filed March 10, 1983.

*George R. McCullough* and *Gary R. Terrill* of McCullough, Wareheim & LaBunker, of Topeka, for the appellant.

*E. Craig Kennedy* of Kassebaum & Johnson, of Wichita, for the appellee.

Before FOTH, C.J., SPENCER and SWINEHART, JJ.

SPENCER, J.: This is an action by plaintiff Evelyn R. Rouse to recover damages for injuries sustained when she fell on defendant's premises. Plaintiff has appealed from a directed verdict in favor of defendant.

Plaintiff and her husband, a chiropractor, live in Ulysses, Kansas. As a result of an eye condition, Dr. Rouse cannot drive a car or read x-rays. Plaintiff drives for her husband. Defendant, a Wichita chiropractor, has since 1977 read Dr. Rouse's x-rays, charging a fee for this service. Dr. Rouse would either mail the x-rays to defendant or drop them off at defendant's office or home. There was also some social contact among plaintiff, defendant, and their spouses.

On February 8, 1979, plaintiff drove Dr. Rouse to Wichita for

several errands, including delivery of x-rays to defendant. Upon arriving at defendant's home, Dr. Rouse took the x-rays inside while plaintiff waited outside in the car. After a while, defendant's wife called to plaintiff from the house inviting plaintiff to come in for tea. At first plaintiff refused but, upon the second such invitation, she left the car and began walking up defendant's driveway. Defendant's driveway was covered with snow and ice which caused plaintiff to slip and fall. Plaintiff sustained comminuted fractures in her left wrist and elbow.

Plaintiff brought this action to recover for her injuries. After the close of plaintiff's evidence, the court granted defendant's motion for directed verdict. The court found plaintiff was, as a matter of law, a mere licensee on defendant's premises and, as a result, defendant owed plaintiff only a limited duty to refrain from willfully or wantonly injuring her. This is the issue on appeal.

" 'In ruling on a motion for directed verdict pursuant to K.S.A. 60-250, the court is required to resolve all facts and inferences reasonably to be drawn from the evidence in favor of the party against whom the ruling is sought, and when the evidence is such that reasonable minds could reach different conclusions thereon, the motion must be denied and the matter submitted to the jury. The same basic rule governs appellate review of a motion for a directed verdict.' " *Putter v. Bowman,* 7 Kan. App. 2d 323, 324, 641 P.2d 411, *rev. denied* 231 Kan. 801 (1982), quoting *Care Display, Inc. v. Didde-Glaser, Inc.,* 225 Kan. 232, Syl. ¶ 5, 589 P.2d 599 (1979).

Kansas adheres to the traditional classifications of trespasser, licensee, and invitee. *Britt v. Allen County Community Jr. College,* 230 Kan. 502, 638 P.2d 914 (1982). General principles applied to distinguish the licensee/invitee classifications are restated in *Hanks v. Riffe Construction Co.,* 232 Kan. 800, 658 P.2d 1030 (1983):

"(1) The owner or occupier of property owes an 'invitee' a duty to exercise ordinary care for his safety, but the owner or occupier of property owes to a 'licensee' only the duty to avoid willfully, intentionally or recklessly injuring him.

"(2) An 'invitee' is either a public invitee or a business visitor.

"(3) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.

"(4) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.

"(5) The fact that a person is invited to visit the premises of another does not make him a public invitee. The purpose of his visit determines his status.

"(6) The meaning of the word 'invitee' is more limited than that of 'invitation' in the popular sense, and not all of those who are invited to enter upon land are invitees.

"(7) A licensee is a person who is privileged to enter or remain upon premises by virtue of the possessor's consent, whether given by invitation or permission."

As stated in *Nave v. Hixenbaugh,* 180 Kan. 370, 376, 304 P.2d 482 (1956):

"In order to be an invitee or a business visitor, it is not necessary that the visitor should himself be on the premises for the purpose of the possessor's business. The visit may be for the convenience or arise out of the necessities of others who are themselves upon the premises for such a purpose."

In this case, resolving all inferences in favor of plaintiff, we find that plaintiff entered onto the property in order for her husband to deliver x-rays to defendant. Reading the x-rays clearly benefited defendant's business inasmuch as he charged Dr. Rouse a fee for the service. Plaintiff's presence was not merely gratuitous because her husband depended upon her driving due to his eye condition. Although plaintiff might have been walking up the icy driveway in response to a social invitation, it is clear the purpose of her visit was to facilitate her husband's delivery of x-rays to defendant. The district court erred in granting defendant's motion for directed verdict on the ground that plaintiff was a mere licensee on the premises.

Reversed and remanded for a new trial.