**Kelly L. GRIZZELL, Individually and as Parent and Heir at Law of the Estate of Stephanie Hart, Deceased, Plaintiff–Appellant,**

v.

**HARTMAN ENTERPRISES, INC., a Colorado corporation, d/b/a Subway Sandwich and Salads, Defendant–Appellee.**

Nos. 01CA1989, 02CA0075.

Colorado Court of Appeals,
Div. III.

Feb. 27, 2003.

---

** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2002.

Law Firm of David J. Greene, David J. Greene, Wheat Ridge, Colorado, for Plaintiff–Appellant.

Hall & Evans, L.L.C., Alan Epstein, Denver, Colorado; McConnell Siderius Fleischner Houghtaling & Craigmile, LLC, Cecelia A. Fleischner, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge ROY.

Plaintiff, Kelly L. Grizzell (parent), individually and as parent and heir-at-law of the estate of Stephanie Hart (victim), appeals the trial court's judgment dismissing her complaint against defendant, Hartman Enterprises, Inc. (owner). We affirm in part, reverse in part, and remand for further proceedings.

Owner operates a sandwich shop. In February 2000, victim was apparently invited into the shop by a young employee after the shop was closed for business. Later, the employee apparently opened the rear door of the shop and admitted an unknown individual. Sometime thereafter, both victim and the employee were shot and killed by the unknown individual.

Parent filed this action alleging that owner was liable for victim's death under the premises liability statute, § 13–21–115, C.R.S.2002 (Premises Act), because victim was a business invitee and, in the words of the complaint, owner was under a legal duty to take reasonable measures to "protect its patrons and business invitees from the foreseeable consequences of criminal acts on the part of known or unknown persons and to employ reasonable security precautions, including the hiring of adult employees to operate and supervise the premises on school nights, including closing down the restaurant."

Parent also alleged that owner was liable under the Colorado Youth Employment Opportunity Act, § 8–12–101, et seq., C.R.S. 2002 (Youth Act), for "employing a child employee under the age of 16 to work more than six hours and after 9:30 p.m. when the next day was a school day."

Owner moved to dismiss the complaint under C.R.C.P. 12(b)(5) for failure to state a claim for relief and the trial court granted the motion. Thereafter, owner moved for its costs and attorney fees, which the trial court granted in part. This appeal followed.

We review de novo an order dismissing an action under C.R.C.P. 12(b)(5), an order granting summary judgment under C.R.C.P. 56, and a determination classifying the victim under § 13–21–115(4), C.R.S.2002, of the Premises Act. *See Aspen Wilderness Work-*

*shop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995)(summary judgment); *Lakeview Associates, Ltd. v. Maes,* 907 P.2d 580 (Colo.1995) (classification under Premises Act); *Fluid Technology, Inc. v. CVJ Axles, Inc.,* 964 P.2d 614 (Colo.App. 1998)(C.R.C.P.12(b)(5)).

### I.

Parent first contends that the trial court erred in dismissing her complaint pursuant to C.R.C.P. 12(b)(5) for failure to state a claim under the Premises Act. We agree in part.

C.R.C.P. 8(a)(2) states that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint need not express all facts that support the claim, but need only serve notice of the claim asserted. The chief function of a complaint is to give notice to the defendant of the transaction or occurrence that is the subject of the plaintiff's claims. *Fluid Technology, Inc. v. CVJ Axles, Inc., supra.* Thus, motions to dismiss for failure to state a claim under C.R.C.P. 12(b)(5) are "viewed with disfavor and are rarely granted under our 'notice pleadings.'" *Dunlap v. Colorado Springs Cablevision, Inc.,* 829 P.2d 1286, 1291 (Colo.1992)(quoting *Davidson v. Dill,* 180 Colo. 123, 131, 503 P.2d 157, 162 (1972)).

A trial court may not dismiss a complaint for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of the claim. In addition, the allegations of the complaint must be viewed in the light most favorable to the plaintiff. *Dunlap v. Colorado Springs Cablevision, Inc., supra.*

The trial court dismissed parent's claims under the Premises Act for (1) failing to allege facts sufficient to support a finding that the victim was an invitee, and (2) failing to allege facts supporting a claim that owner breached its duty to the victim as a licensee, which the trial court found her to be.

As is apparent from the text of the statute, the Premises Act was adopted to limit the exposure of landowners for injuries sustained by persons on their property. *See* § 13–21–ₓ115(1.5)(d)–(e), C.R.S.2002. This purpose was accomplished primarily through classifying the persons on the property and narrowing the standard of care.

The Premises Act establishes the duty of care a landowner owes for injuries that occur on the landowner's real property because of a condition on the property or activities conducted on such property. A landowner's duty of care depends on the injured person's purpose for entering the landowner's property. *See* § 13–21–115.

### A.

We agree with the trial court that victim was not, under the facts alleged, an invitee.

As relevant here, § 13–21–115(3)(c)(I), C.R.S.2002, establishes the standard of care owed by a landowner to an invitee as follows: "[A]n invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which he actually knew or should have known."

Section 13–21–115(5)(a), C.R.S.2002, defines "invitee" as:

a person who enters or remains on the land of another to transact business in which the parties are mutually interested or who enters or remains on such land in response to the landowner's express or implied representation that the public is requested, expected, or intended to enter or remain.

The complaint does not allege, nor do the allegations in the complaint permit the inference, that victim was on the premises for the purpose of conducting business with owner. It is undisputed that the shop was not open for business, and the premises were locked to prevent entry by the general public.

However, parent alleges that victim was on the premises as a volunteer to assist the employee with cleaning and closing the shop. Parent argues that, as a volunteer, victim benefited owner by assisting the employee, thus making victim an invitee. However, benefit to owner is not the test under the statute. The test is whether victim was on

the premises "to transact business in which the parties are mutually interested."

In those jurisdictions that apply the common law "transact business" or "mutual benefit" tests, volunteers are generally classified as licensees. *See Moore v. Greensburg High School,* 773 N.E.2d 367 (Ind.Ct.App.2002)(parent-volunteer installing decorations in a school for an after-prom party); *Hogan v. Hess Construction Co.,* 187 Kan. 559, 358 P.2d 755 (1961)(wife assisting husband-electrician on a construction site); *Oatman v. St. Louis Southwestern R.R.,* 304 Mo. 38, 263 S.W. 139 (1924)(stranger assisting in switch yard); *Allen v. Albright,* 43 S.W.3d 643 (Tex.App.2001)(neighbor-volunteer who comes on the premises to rescue the occupant is "implied licensee" under mutual benefit test); *Pifer v. Muse,* 984 S.W.2d 739 (Tex.App.1998)(same); *see also* D.E. Buckner, Annotation, *Duty Owed to, and Status of, Social Guest of Employee on Employer's Business Premises,* 78 A.L.R.2d 107 (1961). Thus, even accepting parent's allegations of fact as true, victim was not an invitee as a matter of law.

Moreover, as the Premises Act provides, if victim were a social guest, she was a licensee. *See* § 13–21–115(5)(b), C.R.S.2002. The law is also clear that if victim were on the premises at the employee's invitation for either the employee's benefit, victim's benefit, or their mutual benefit, then she was a licensee or trespasser, not an invitee. *See Corcoran v. Jacovino,* 161 Conn. 462, 290 A.2d 225 (1971)(teenager who entered closed service station with her friend-employee to pick up his jacket was a licensee); *Grimwood v. Tabor Grain Co.,* 130 Ill.App.3d 708, 86 Ill.Dec. 6, 474 N.E.2d 920 (1985)(son delivering message to father was a licensee); *Clanton v. Benson,* 435 S.W.2d 298 (Tex.Civ.App.1968)(plaintiff invited onto service station property by employee was a licensee); *Rainey v. Oregon Short Line R.R.,* 64 Utah 445, 231 P. 807 (1924)(wife injured in train collision while accompanying husband-fire inspector was a trespasser).

### B.

■ However, we also conclude that the complaint sufficiently pleaded and put owner on notice of parent's claim that victim was a licensee and owner violated the applicable standard of care.

Section 13–21–115(3)(b), C.R.S.2002, establishes the standard of care owed by a landowner to a licensee. Thus, a licensee may recover only for damages caused:

(I) By the landowner's unreasonable failure to exercise reasonable care with respect to dangers created by the landowner of which the landowner actually knew; or

(II) By the landowner's unreasonable failure to warn of dangers not created by the landowner which are not ordinarily present on property of the type involved and of which the landowner actually knew.

" 'Licensee' means a person who enters or remains on the land of another for the licensee's own convenience or to advance his own interests, pursuant to the landowner's permission or consent. 'Licensee' includes a social guest." Section 13–21–115(5)(b).

Parent's assertion that victim was invited by owner's employee into the premises sufficiently alleges that victim was a licensee. The complaint also alleged that:

[Owner] negligently operated the premises by permitting and ratifying ongoing criminal activity, including transactions for the sale, distribution and possession of illegal drugs and substances, including marijuana, by its employees who would routinely meet in the back room near the rear exit door for the purpose of distributing, possessing and [sic] illegal, intoxicating drugs and controlled substances. [E]mployees and non-employees routinely entered the premises via the rear door when they intended to partake of the above illegal activities.

This language sufficiently alleges owner had actual knowledge of a dangerous condition. *See* § 13–21–115. Parent need not allege that owner had actual knowledge an armed assailant would come in the restaurant and kill the victims. Rather, parent only needed to allege that owner had an active awareness of the dangerous condition or, in this case, the criminal activity at its restaurant and the risks associated with that activity. *See Wright v. Vail Run Resort Community Ass'n,* 917 P.2d 364 (Colo.App.1996).

The complaint also sufficiently alleged that owner breached its duty to victim as a licensee by stating that owner was "negligent in the operation of [the] premises and the manner in which its employees freely allowed unknown individuals free access into the back of the store both during and after store hours."

Thus, we conclude that this language is sufficient to give owner notice of the transaction or occurrence that is the subject of the claim asserted, namely, that owner breached its duty under the Premises Act. *See Smith v. Mills,* 123 Colo. 11, 14, 225 P.2d 483, 485 (1950)("it is not necessary to set out specifically the nature or existence of [the claim] to enable the complaint to withstand motion for dismissal").

Accordingly, we hold that the trial court erred in dismissing the complaint for failure to state a claim under the Premises Act.

## II.

Parent also contends that the trial court erred in dismissing her complaint for failure to state a claim under the Youth Act. We disagree.

Parent alleged that owner was negligent per se for violating the Youth Act by employing the employee to work more than six hours and past 9:30 p.m. on a weeknight. We conclude that no private tort remedy is available to parent under the Youth Act.

Whether a private tort remedy is available against a nongovernmental defendant for violating a statutory duty depends on three factors: (1) whether the plaintiff is within the class of persons intended to be benefited by the legislative enactment; (2) whether the legislature intended to create a private right of action; and (3) whether an implied civil remedy would be consistent with the purposes of the legislative scheme. *Allstate Insurance Co. v. Parfrey,* 830 P.2d 905 (Colo.1992).

In *Henderson v. Bear,* 968 P.2d 144 (Colo. App.1998), a division of this court held that parents do not have a private cause of action under the Youth Act against their child's employer for the wrongful death of their child. The division found that the purpose of the Youth Act, as set forth in the legislative declaration, was to foster the economic, social, and educational development of young people through employment. The stated purpose indicates that the statute is to benefit children, not their parents.

Thus, it follows that a parent whose child was injured indirectly by an employer's violation of the Youth Act as to another child also would not have a private cause of action under the Youth Act. Accordingly, we conclude that the trial court did not err in dismissing parent's complaint for failure to state a claim under the Youth Act.

The judgment is affirmed as to the claim under the Youth Act; the judgment is reversed in all other respects; and the case is remanded for further proceedings consistent with the views expressed here. Having so concluded, the order awarding attorney fees pursuant to § 13–17–201, C.R.S.2002, and costs pursuant to § 13–16–105, C.R.S.2002, must likewise be, and it is hereby, vacated.

Judge DAVIDSON and Judge WEBB concur.