## Helen Olderman *v.* The Bridgeport-City Trust Company et al.

Maltbie, C. J., Hinman, Avery, Brown and Jennings, Js.

Argued December 8, 1938—decided February 7, 1939.

*David R. Lessler,* for the appellant (plaintiff).

*J. Kenneth Bradley,* with whom, on the brief, were *Raymond E. Baldwin, Samuel G. Payne* and *Frank M. Canfield,* for the appellees (defendants).

JENNINGS, J. The plaintiff was injured in falling over a hose reel while walking from a garage owned by the defendants to her home next door. Errors are assigned in the finding and in the charge.

The finding, with such corrections as can be made therein, discloses that the plaintiff offered evidence and claimed to have proved the following facts: The defendants own a frame house on Iraniston Avenue in Bridgeport and Alice Rector, one of them, occupies it. In November, 1935, they leased one stall in a two car garage located southwesterly of their house to Meyer Olderman, husband of the plaintiff, and he paid rent therefor up to the time when the plaintiff was injured. The Oldermans with their child lived in the next house to the north. During the entire term of the rental of the garage, it was the custom of the plaintiff and her husband to use, as a means of getting from the garage to their house, a pathway

which led from the garage to and along a concrete walk at the rear and northerly side of the defendants' building until they came opposite their side door. They then crossed a narrow grass plot to their own house. The two houses were quite close together. The defendants knew of this custom and made no objection. The ground extending for about twenty-six feet east of the garage is covered with crushed stone and an eight foot driveway bounded by two eighteen inch concrete strips extends from this area to the street. Except for the areas described the yard was given over to lawn.

On the day of the accident, September 9, 1936, the defendant Alice Rector had placed a hose reel on the walk at the rear of her premises so that it covered the entire walk. The presence of the hose reel upon the walk was an obstruction inherently dangerous to persons using the walk. The evening of September 9th was dark and the ground in the rear of the defendants' house was not illuminated. At about 11 p.m. on that evening the plaintiff and her husband came home and drove their car into the garage. While the husband was closing the garage doors the plaintiff started for her home, taking the customary route previously described. When she started along the walk, she fell over the hose reel and was injured. No steps were taken by Mrs. Rector to warn the plaintiff of the presence of the hose reel although she had ample opportunity to do so. There was also ample time for her to have removed the reel to a place where it would not cause danger.

The claims of proof of the defendants differed from those of the plaintiff only in that the driveway was described as "a convenient and proper entrance for persons passing on foot from the street to the garage and the plaintiff and her husband had no express or

implied permission to use any other way . . ." The defendants also claimed that the hose reel was given to the plaintiff's son to play with and was last seen in his possession.

The principal assignments of error pressed by the plaintiff are that the charge omitted all reference to nuisance and that it was defective with reference to the duty owed to a licensee and an invitee. In his memorandum of decision on the motion to set aside the verdict, the trial judge recognized the first criticism but stated that nuisance was not in the case. He also omitted any reference to this claim in the finding. On this record, therefore, the finding is barren of any claim on the part of the plaintiff that the defendants were guilty of maintaining a nuisance. "The finding in a jury case is designed to present the claims of the parties as to the facts proved, for the purpose of testing the correctness of the charge and the rulings of the court. It serves much the same purpose as a statement of the claims of the party upon the trial in a finding in a court case. It would be manifestly unfair to permit the insertion in a finding in a jury case of claims not actually made at the trial and then attack the charge upon the basis of those claims, which were not brought to the attention of the court before the charge was given." *Fitzgerald* v. *Savin*, 119 Conn. 63, 66, 174 Atl. 177. The addition to the finding of facts included in the draft-finding is not required because of the admissions in the counter-finding (*Wilson* v. *M & M Transportation Co.*, 125 Conn. 36, 42, 3 Atl. [2d] 309) and would not remedy the plaintiff's difficulty in any event. It does not necessarily follow from the offer of a fact in evidence that a party claims to have proved it. *Boardman* v. *Burlingame*, 123 Conn. 646, 652, 197 Atl. 761. The only way the plaintiff could secure the necessary additions to the finding

would be by an application to rectify the appeal to show that she claimed to have proved the existence of a nuisance. *Fitzgerald* v. *Savin,* supra, 67. There is no such application in this case. Therefore no instructions on the subject of nuisance were required.

The criticisms of the charge on the rules relating to invitee and licensee are numerous and detailed. There were no requests to charge and the question is not whether every possible situation was covered but whether the charge, read as a whole, was correct in law and adequate as a guide to the jury. *Bullard* v. *de Cordova,* 119 Conn. 262, 267, 175 Atl. 673. The plaintiff claims at the outset that she was an invitee as a matter of law and that the jury should have been instructed to that effect. The claims of proof show, on the contrary, that this was a disputed question. The plaintiff claimed that she always used the path across the defendants' rear lawn to her side entrance without objection. The defendants claimed that the driveway from the garage to the street provided a convenient and proper method of approach to the garage and that the plaintiff had no express or implied permission to use any other way. The court was not in error in refusing to charge that the plaintiff was an invitee as a matter of law.

If the plaintiff was an invitee, the defendants owed her the duty of exercising reasonable care to keep the property in reasonably safe condition. If she was a licensee, the defendants owed her the duty, when her presence became known, to use ordinary care to avoid injuring her by a positive act of negligence. *Ward* v. *Avery,* 113 Conn. 394, 396, 155 Atl. 502. This distinction was not clearly made in the charge.

The most serious criticism of the charge is based on the absence of any instructions to cover the situation which would exist if a new hazard to the plaintiff was

found to have been created by the voluntary act of the defendants. Whether the plaintiff was an invitee or a licensee, there is no claim but that she was rightfully on the defendants' premises. A landowner is under no duty to refrain from using his premises in any way he sees fit because he has permitted another to go upon them as his licensee, even though thereby conditions are created which cause danger of injury to the licensee. If, however, a landowner knows that a licensee is accustomed to pass over a particular portion of his land and he there creates a condition which he might reasonably anticipate would cause danger to the licensee and creates it under such circumstances that the latter would not, by reasonable use of his own senses, discover it, the landowner owes the licensee the duty to take reasonable means to safeguard him against the extra hazard by removing the cause of danger or giving reasonable warning of its presence. *Rooney* v. *Woolworth*, 78 Conn. 167, 170, 61 Atl. 366; *Morrison* v. *Carpenter*, 179 Mich. 207, 220, 146 N. W. 106; *Douglas* v. *Bergland*, 216 Mich. 380, 185 N. W. 819; *John* v. *Reick-McJunkin Dairy Co.*, 281 Pa. St. 543, 546, 127 Atl. 143; note, 20 A. L. R. 202; 45 C. J., p. 802, § 205. In view of the claims of proof of the plaintiff that Mrs. Rector placed the hose reel on the walk which the plaintiff was accustomed to use with the knowledge of the defendants, the failure to give any instructions on this phase of the case may have been a decisive factor in the rendering of the defendants' verdict and must be held to be error.

There is error and a new trial is ordered.

In this opinion the other judges concurred.