JEANNE NELSON ET AL., ADMINISTRATRICES v.
ESSEX BOAT WORKS

SUPERIOR COURT      MIDDLESEX COUNTY      FILE NO. 9022

Memorandum filed March 26, 1946.

*Frank Covello* and *Cornelius A. Moylan,* of Hartford, for the Plaintiffs.

*Francis J. Moran,* of New Haven, for the Defendant.

INGLIS, J. On the evidence most favorable to the plaintiffs, their decedent was on the premises of the defendant as a licensee. At about 2:30 a. m. on the morning of April 22, 1944, he walked off the edge of a dock maintained by the defendant into the Connecticut River and was drowned. The gist of the plaintiffs' claim was that the defendant was negligent in maintaining the dock unlighted and without a railing and in not warning the decedent of the dangerous condition. He had come upon the premises as the guest of two coastguardsmen who had been left in charge of a ship which was there for repairs. The jury could not reasonably have found either that the defendant had any actual knowledge of the decedent's presence on its premises or that it had any reason to anticipate that he would be there at that time of the night or, indeed, at any other time. Even though the jury could have found that the defendant should have anticipated the possibility of the decedent's being at the place in question at the time he was there, they could not reasonably have found that the defendant failed to use such care to warn him as a reasonably prudent person in its place would have exercised.

On such a state of the evidence, the plaintiffs' decedent took the premises as he found them, the defendant owed him no duty to warn him, and therefore the plaintiffs have no cause of action against the defendant for his death. *Olderman* v. *Bridgeport-City Trust Co.,* 125 Conn. 177; *Girard* v. *Kabatznick,* 128 Conn. 520; Restatement, 2 Torts, § 341 et seq.

For the foregoing reason the verdict for the defendant was directed and the motion to set that verdict aside is now denied.