EVA L. COTE *vs.* HENRY J. ARRIGHI *et ux.*
NAPOLEON COTE *vs.* HENRY J. ARRIGHI *et ux.*

JULY 13, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

ROBERTS, J. These two actions of trespass on the case for negligence were brought by a husband and wife to recover damages for personal injuries alleged to have been sustained by the wife as the result of a fall while on the defendants' premises. The cases were tried together before a justice of the superior court sitting with a jury, and at the conclusion of the evidence for the plaintiffs he granted the defendants' motion for a nonsuit in each case. Each case is before us on the exception of the plaintiff to such decision.

It appears from the record that defendant Yvette Arrighi is the daughter of plaintiffs and the wife of defendant Henry J. Arrighi. The plaintiff husband seeks to recover only consequential damages resulting from his wife's injuries, and since his right to recover such damages depends upon the liability of defendants in the case of his wife, we shall hereinafter discuss the issues as if only her case were before us.

There is no substantial dispute as to the sequence of events that led to plaintiff's injury. On the morning of October 4, 1957 she and her husband, in response to a re-

quest from defendant Yvette, drove to defendants' house. The plaintiff entered the house while her husband remained outside. Shortly thereafter plaintiff emerged from the house, carrying in her arms defendants' infant daughter, and started to descend an outside stairway to the walk. The plaintiff testified that as she was descending the stairway she felt something hard beneath the sole of her right foot, which object, as she stepped on it, rolled from under her foot and precipitated her to the walk below. No testimony was introduced from anyone who claimed to have actually seen plaintiff fall.

Other than her own testimony that she stepped on something on the stairway, there was no testimony that there was an object on the stairway at the time she was descending. There was, however, the testimony of a neighbor that she had gone to the scene of plaintiff's fall shortly after she had been removed in an ambulance and that, as she arrived there, she observed a clothespin lying on the bottom step of the stairway. This witness further testified that she picked up the clothespin and tossed it to one side.

No direct testimony was adduced to explain the length of time that the clothespin had been on the stairway or the manner in which it got there. The plaintiff, however, called defendant Yvette as a witness, apparently under the provisions of general laws 1956, §9-17-14. She testified that usually every day she did her own laundry and using, among others, the same type of clothespin found by her neighbor, she hung it to dry in a yard reached by using the same stairway upon which plaintiff fell. She further testified that she did no laundry on the day of the accident, but that she might have hung some laundry to dry the day before. She also testified that she did not sweep the stairway with a broom every day and was unable to recall how long before the day plaintiff fell she last swept the stairway.

A trial justice in passing upon a motion for a nonsuit is required to view the evidence in the light most favorable to

the plaintiff without regard to its weight or to the credibility of the witnesses. *Goulet* v. *Coca-Cola Bottling Co.*, 83 R. I. 310, 314. Under that rule the trial justice on the instant motion found that some of the evidence supported a reasonable inference that the clothespin was on the step and was the cause of plaintiff's fall. He then pointed out that there was no evidence that defendants had actual notice of the presence of the clothespin and that in order to establish liability, plaintiff had to show that defendants had constructive notice, that is, that the evidence in the record must be susceptible of supporting an inference that the clothespin had been on the step long enough for defendants, if exercising reasonable care, to have discovered and removed it or warned plaintiff of its presence. *Stapleton* v. *Hyman*, 69 R. I. 466, 471. Apparently the trial justice granted defendants' motion on the ground that the evidence would not support such an inference.

A defendant in moving for a nonsuit in effect admits the truth of the plaintiff's evidence and all legitimate inferences that may be drawn therefrom. *Berman* v. *King Union Co.*, 80 R. I. 181, 184. In determining whether a motion for nonsuit should be granted, the trial justice is not concerned with the question whether a jury would or would not draw an inference favorable to the plaintiff from the evidence at hand. The controlling question is whether the evidence, admitted by the motion to be factual, is sufficient to support any inference favorable to the plaintiff that can be reasonably drawn therefrom. The rule contemplates that on such a motion the trial justice will himself consider the evidence in the light of his superior knowledge and experience to determine whether it is susceptible of an inference that is reasonable and favorable to the plaintiff. If such an inference may be drawn it is his duty to deny the motion for nonsuit.

In our opinion, the evidence here, when tested as the rule requires, is susceptible of a reasonable inference favorable

to plaintiff. The fact situation, as established by the motion, is that it was defendant Yvette's practice to do laundry daily and to carry it, along with clothespins, to a drying yard by way of the stairway in question. The uncertainty as to whether she had done laundry the day prior to the accident does not negative the fact situation so established. The reasonable inference contemplated here is the deduction from these establishd facts of a conclusion that is consistent with the concept of probability that is acquired from a common knowledge and experience in the ordinary affairs of life.

It is our opinion that from a fact situation so established it may reasonably be concluded on the basis of common knowledge and experience that the clothespin had been on the steps for some substantial period of time. To reach that conclusion on those facts does not constitute a departure from legitimate inference into the realm of conjecture. Whether the jury could properly draw that inference, considering the weight of the evidence and the question of credibility, is a question upon which the trial justice may pass only after a verdict and on a motion for a new trial. Therefore it is our opinion that the trial justice erred in granting the defendant's motion for a nonsuit in each case.

In each case the plaintiff's exception is sustained, and each case is remitted to the superior court for a new trial.

CONDON, C. J., and PAOLINO, J., dissent.

*William R. Goldberg, Ronald R. Gagnon,* for plaintiffs.

*Gunning & LaFazia,* for defendants.