GUIDO PAGLIARO *vs.* BIAGIO PEZZA *et al.*
LOUISE PAGLIARO *vs.* BIAGIO PEZZA *et al.*

JANUARY 10, 1961.

PRESENT: Condon, C.J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. These are actions of trespass on the case for negligence. One was brought by Louise Pagliaro for personal injuries which she sustained while on the defendants' premises as a social guest. The other action was brought by her husband for consequential damages resulting from her injuries. Each case is here on the plaintiff's exception to the trial justice's decision sustaining the defendants' demurrer to each declaration. Since the husband's case is dependent upon the wife's case we shall hereinafter discuss their exceptions as though only the latter case was before us.

Each declaration among other things alleges that plaintiff as a social guest was in law an invitee to whom defendants owed the duty of ordinary care. The defendants demurred thereto on the ground that as such a guest plaintiff was not an invitee but a mere licensee to whom the duty of ordinary care was not owed by them. The trial justice sustained the demurrer. In doing so he wrote a rescript in which he reviewed the principal authorities on the question in other jurisdictions and stated that the great weight held that the defendant host in such circumstances was not liable. He agreed with the parties that the precise question raised by the demurrer had never been previously considered and decided in this state, and he therefore concluded that he should follow the weight of authority elsewhere.

However, while conceding that this court has never expressly passed upon the question, plaintiff nevertheless contends that we have in several cases indicated by certain dicta that one who invites even a social guest upon his premises assumes an obligation to exercise ordinary care for the guest's safety. In support of such contention she relies upon specific statements in *Goyette* v. *Sousa*, 90 R. I. 8, 153 A.2d 509, *Reddington* v. *Getchell*, 40 R. I. 463, and *Armstrong* v. *N.Y., N.H. & H. R.R.*, 20 R. I. 791. The trial

justice rejected a similar contention after examining those cases. It was his considered opinion that the statements therein upon which plaintiff relied were not reasonably indicative of the view for which she was contending.

In reaching that conclusion we are clearly of the opinion that he did not err. At this time it is neither necessary nor desirable for us to discuss the possible extension of the meaning of the language of the cited cases to radically different situations from those therein. The statements relied on by the plaintiff were made in the context of circumstances set out in those cases which do not reasonably resemble those in the case at bar. It is sufficient to say here that we expressly disavow any application of such statements to a purely social guest.

This brings us to the final contention of plaintiff, namely, that regardless of the great weight of authority elsewhere we should now expressly hold that a guest is, in the light of modern conditions of social intercourse, entitled to the same degree of care accorded to others whom the owner invites upon his premises for business purposes or otherwise for his benefit. We have given this contention serious consideration and in doing so have examined a number of cases from other jurisdictions wherein a like contention was made and rejected. As a result we are convinced that we should join the great current of authority and expressly hold that a social guest is not in law an invitee to whom is owed the same duty as to one who comes upon the owner's premises for business purposes or for some other purpose materially beneficial to him. We are of the opinion that such a guest is a mere licensee to whom the owner owes only the duty of "not knowingly [to] let him run upon a hidden peril or [to] wilfully cause him harm * * *." *Beehler* v. *Daniels, Cornell & Co.,* 18 R. I. 563, 565.

The mere fact that the guest has been expressly invited to come upon the premises is not decisive in determining the nature and extent of the owner's obligation to care for

his safety. *Zaia* v. *"Italia" Societa Anonyma di Navigazione*, 324 Mass. 547. Rather what is decisive is the peculiar nature of the relationship that is assumed to arise when the guest enters upon his host's premises. For the time being he thereby becomes a member of the host's family and as such accepts the entertainment accorded him coupled with the understanding that he must take the premises as he finds them and accommodate himself to the conditions of his host. *Comeau* v. *Comeau*, 285 Mass. 578. Restatement, Torts, §331, pp. 896, 897.

It is generally held that his legal status is that of a gratuitous licensee rather than a business invitee. 25 A.L.R.2d, note p. 603. The Rhode Island Annotation to §331 of the Restatement states that a gratuitous licensee is "entitled to the same rights as a business visitor." There is no authority for such statement and we expressly disapprove it. We have found nothing in the prior opinions of this court that would warrant such a conclusion. With the practically unanimous authorities elsewhere to the contrary we are in complete agreement since we have not been apprised of any sound reason that would prompt us to disagree. Therefore the trial justice did not err in sustaining the defendants' demurrer.

Although the plaintiffs rejected the leave granted to them by the trial justice to amend and stood upon their declarations, it is still within the discretion of the superior court upon plaintiffs' motions therefor to grant further leave to amend. *Bennett* v. *Connery & Co.*, 48 R. I. 350.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court for further proceedings.

*Vincent J. Chisholm, Edmund Santurri,* for plaintiffs.

*Thomas E. F. Carroll,* for defendants.