MARIE GUERTIN *vs.* THOMAS ANTONELLI *et ux.*
LOUIS GUERTIN *vs.* THOMAS ANTONELLI *et ux.*

JUNE 14, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. These actions of trespass on the case for negligence were brought by a wife and her huspand respectively against a husband and wife, owners of and in possession of certain premises located at No. 6 Kitchener Road in the town of Johnston in this state, to recover damages for personal injuries sustained by the plaintiff wife. The cases were tried together before a justice of the superior court sitting with a jury, and at the conclusion of the plaintiffs' evidence the trial justice granted the defendants' motion for a directed verdict in each case. The plaintiffs duly excepted and each case is in this court on their single exception to the decision.

Since the husband's case depends upon the wife's case, the latter will be considered and our decision will apply to both cases.

On October 11, 1959 at about 11 or 11:15 a.m., plaintiffs and their young children arrived at defendants' home to accept an invitation to dinner. The two wives are sisters. The defendants were at home and their son was playing in the cellar. After dinner the defendant wife wanted her sister to see her new freezer which was in the cellar. The plaintiff opened the cellar door and had gone down five or six steps when she stepped on something, slipped, and found herself in a sitting position. She looked and saw a toy truck that was on the step.

After the accident the two sisters talked and then about 4:30 o'clock plaintiff drove her sister to do a few errands and afterwards back to defendants' home. The plaintiff

returned to her own home about 7:30 o'clock. When she awoke in the morning her arm and thighs were black and blue. Two days later she went to Dr. Americo A. Savastano and still later to Dr. Vincent Zecchino, both of whom treated her back.

The declaration contains a single count and alleges that it was the "duty of the defendants to keep said stairway reasonably free and clear of any foreign matter which would constitute a hazard to business invitees * * *." As an allegation of negligence plaintiff "avers that the defendants knew, or, in the exercise of reasonable care should have known, that said foreign matter, to wit, a toy truck, was upon a tread of said stairway and created a dangerous condition and constituted a hazard to business invitees who used said stairs * * *."

On the motion for a directed verdict the trial justice assumed without deciding that plaintiff was an invitee at the time of the accident and that defendants owed to plaintiff due and reasonable care to provide for her a safe stairway.

When the present case was being tried the case of *Pagliaro* v. *Pezza*, 92 R. I. 110, 167 A.2d 139, had not been decided by this court. In that case we stated at page 112: "As a result we are convinced that we should join the great current of authority and expressly hold that a social guest is not in law an invitee to whom is owed the same duty as to one who comes upon the owner's premises for business purposes or for some other purpose materially beneficial to him. We are of the opinion that such a guest is a mere licensee to whom the owner owes only the duty of 'not knowingly [to] let him run upon a hidden peril, or [to] willfully cause him harm * * *.' *Beehler* v. *Daniels, Cornell & Co.*, 18 R. I. 563, 565."

In the instant case plaintiffs and their children were dinner guests, that is, social guests of defendants. Mrs. Guertin sustained an accident while in defendants' home and

the question of her status is determined by *Pagliaro* v. *Pezza, supra.*

The plaintiff to support her allegation that she was a business invitee attempts to show a purpose in going to defendants' home which was to aid her sister in doing some errands. It nowhere appears in the evidence that she went to her sister's home for that purpose. It would appear to have been something that arose later, an afterthought, an opportunity to aid her sister by helping her to do some errands. Whatever it was, it was not such a service performed by one sister for another as to make her visit to defendants' home that of a business invitee. *O'Brien* v. *Shea,* 326 Mass. 681; *McHenry* v. *Howells,* 201 Ore. 697; *Gudwin* v. *Gudwin,* 14 Conn. Supp. 147.

The trial justice after accepting plaintiff's status as alleged in the declaration without finding it to be true, went on to consider whether defendants had violated their duty to provide a reasonably safe stairway for plaintiff to use in her attempt to see the freezer in the cellar.

While we find that plaintiff's status was clearly that of a licensee we are of the opinion that the toy truck on the stairway could be viewed in the nature of a hidden peril, *Beehler* v. *Daniels, Cornell & Co., supra,* and we have therefore proceeded to determine the same question considered by the trial justice, namely, knowledge of the peril on the part of defendants. There is no evidence of actual knowledge. Can it be said that they had constructive knowledge? After a careful reading of the testimony we are in agreement with the trial justice that the evidence reveals no circumstances from which defendants should have inferred that there were or might be toys upon the stairs.

It does not appear that defendants had occasion to visit the cellar after their son had ceased playing there. There is no evidence of his age, of the playthings he had and of his past actions, and nothing which should have put de-

fendants on notice that there might be an object on the stairs when plaintiff started to go to the cellar.

The plaintiff cites the case of *Cote* v. *Arrighi,* 91 R. I. 289, 162 A.2d 797, where the plaintiff allegedly fell on an outside stairway of the defendants' house because of a clothespin on the stairway. There was evidence in that case indicating the object had been on the stairway for a day or more and therefore the defendants should have had notice of it. There was no evidence in the instant case from which one could infer how long the toy truck had been on the stairs.

We are of the opinion that there was no evidence from which the jury could properly draw an inference that either defendant knew or should have known of the object upon the stairway. The trial justice's action, therefore, in directing the jury to return a verdict in each case for the defendants was without error.

In each case the plaintiff's exception is overruled, and each case is remitted to the superior court for entry of judgment on the verdict as directed.

*Lewis J. Pucci, John D. Archetto,* for plaintiffs.

*Gunning & LaFazia, Raymond A. LaFazia, Bruce M. Selya,* for defendants.