218 A.2d 484.

MANUEL PERRY *vs.* ADELARD H. ST. JEAN.

ROSEMARY PERRY, *p.a. vs.* ADELARD H. ST. JEAN.

APRIL 11, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

JOSLIN, J. These companion actions of trespass on the case for negligence, one by a minor suing through her father and next friend and the other by the father for consequential damages resulting from the injuries sustained by his daughter, are here on each plaintiff's single exception to the decision of the trial justice sustaining the defendant's demurrer to the third amended declaration in each case. Since the father's case is dependent upon the child's we shall discuss the exceptions as though only the latter case were before us.

The plaintiff alleges in her two-count declaration that she was injured while a social guest on defendant's premises when she fell from his horse which she was riding together with defendant's daughter who was acting as his servant and agent. She also alleges her own due care and that she fell because defendant by his agent negligently saddled and managed the horse.

In this state a social guest upon the premises of another is a mere licensee to whom the occupier of the land owes only the limited duty of not knowingly letting him run upon a hidden peril or of not wilfully causing him harm. *Beehler v. Daniels, Cornell & Co.*, 18 R. I. 563; *Pagliaro v. Pezza*, 92 R. I. 110. See, however, *Goyette v. Sousa*, 90 R. I. 8, and *Armstrong v. New York, N. H. & H. R.R.*, 20 R. I. 791. Our rationale, and it is the customary and usual one, has been that a social guest, however cordial the invitation, is merely on his host's premises as if he were for the moment a member of his family who is accepting the hospitality offered with the understanding that he takes the premises as his host himself uses them. *Pagliaro v. Pezza, supra*, at 113; Prosser, Torts, (3d ed.) chap. 11, §60, at 388.

The standard we refer to, although apparently stated by us as being of general application, has in each case where it has been applied related to a defective or passive condition of the premises and we have not previously directly

considered the duty of an occupier to avoid injuring by a positive act of negligence a licensee known by him to be on his premises.

While the distinction between an injury resulting from the passive condition of the premises on the one hand and an occupier's active negligence on the other may not always be clear cut, generally, as the court said in *Potter Title & Trust Co.* v. *Young,* 367 Pa. 239, 242: "* * * 'passive negligence' denotes negligence which permits defects, obstacles or pitfalls to exist upon the premises, in other words, negligence which causes dangers arising from the physical condition of the land itself. 'Active negligence', on the other hand, is negligence occurring in connection with activities conducted on the premises, as, for example, negligence in the operation of machinery or of moving vehicles whereby a person lawfully upon the premises is injured."

That distinction is significant because the modern authorities, although in many instances still adhering to the *Pagliaro* rule at least as to the existent conditions of the premises, depart from that view where the injury to the licensee is caused by an occupier's affirmative conduct. When that is the case they hold the occupier to the duty of exercising due care to avoid injuring a licensee of whose presence on the premises he either is or should be aware. *Potter Title & Trust Co.* v. *Young, supra; Lordi* v. *Spiotta,* 133 N.J.L. 581; *Oettinger* v. *Stewart,* 24 Cal. 2d 133; 2 Restatement, Torts 2d, chap. 13, §341, p. 207; Prosser, *supra,* at 388; 2 Harper & James, Torts, §27.11, p. 1476; James, Tort Liability Of Occupiers Of Land: Duties Owed To Licensees And Invitees, 63 Yale L.J. 605, 610.

Professor Prosser, *supra,* at page 388 says:

"As in the case of trespassers, the earlier decisions frequently said that there was no duty to a licensee except to refrain from injuring him intentionally, or by wilful, wanton or reckless conduct. The statement is still sometimes repeated, usually in cases holding

that there is no duty to inspect the premises to discover unknown conditions. * * * As' in the case of trespassers, however, an increasing regard for human safety has led to a gradual modification of this position, and the greater number of courts now expressly reject it. It is now generally held that as to any active operations which the occupier carries on, there is an obligation to exercise reasonable care for the protection of a licensee. He must run his train, operate his machinery, or back his truck with due regard for the possibility that the permission given may have been accepted and the licensee may be present."

To the examples given by Prosser we add that the occupier must also display a similar regard to a licensee whose presence on his premises he either knows or should be aware of when he shuts off the gas in his heater, *Lordi* v. *Spiotta, supra,* or swings a golf club, *Potts* v. *Amis,* 62 Wash. 2d 777, or operates a motor boat, *Petition of Liebler,* 19 F. Supp. 829, or places a hose reel on a path where he knows his guest will walk after dark, *Olderman* v. *Bridgeport-City Trust Co.,* 125 Conn. 177, or operates an elevator, *Lucas* v. *Walker,* 22 Cal. App. 296, or drives a sleigh, *Pigeon* v. *Lane,* 80 Conn. 237.

We see no reason to distinguish from these illustrations the case of a host who invites a guest upon his premises to ride his horse. Sound reason and an awareness of realities compel us to follow the modern rule.

For the reasons indicated the plaintiff's exception in each case is sustained, and each case is remitted to the superior court for further proceedings.

*Stephen J. Brunero,* for plaintiffs.

*Higgins & Slattery, Robert W. Lovegreen,* for defendant.