333 A.2d 430.

Gary Hone, *p.p.a. vs.* Lakeside Swimming Pool & Supply Company *et al.*

MARCH 14, 1975.

Present: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This is a civil action brought by Gary Hone through his father, Thomas Hone, to recover damages for injuries sustained when Gary fell into an excavation in the yard of his home as a result of the alleged negligence of the defendants in failing to guard the excavation with fencing or covering. At the close of all the evidence, the defendants moved for a directed verdict, and the trial justice, pursuant to Super. R. Civ. P. 50(b), reserving decision thereon, submitted the case to the jury. The jury returned a verdict for the defendants, and thereupon the trial justice granted the defendants' motion for a directed verdict. The plaintiff is now prosecuting an appeal in this court.

It appears from the record that plaintiff's father hired defendants to construct a swimming pool in the backyard of his home. On July 31, 1968, defendants began the construction by excavating a hole approximately 8 feet by 8 feet by 4 feet in size. It is not disputed that at the con--

clusion of the day's work defendants left the excavation unguarded and that in the early evening plaintiff, while his parents were away from home, approached the construction site in the company of some friends. Neither is it disputed that plaintiff, aware of the construction under way in the yard, ventured toward the edge of the excavation, tripped over a tree root exposed by defendants' digging, and fell head first into the excavation.

We consider, first, the question whether the trial justice erred in granting defendants' motion for a directed verdict. Such a motion, when made at the close of all of the evidence, requires the trial justice to determine whether any legal evidence has been adduced at trial that is sufficient to raise a pertinent and relevant issue of fact for the jury. In making such a determination, the trial justice may not, of course, weigh the evidence or pass upon the credibility of the witnesses. He is limited to viewing the evidence and such inferences as may reasonably be drawn therefrom in the light most favorable to the party against whom the motion is made. *William T. Young, Inc.* v. *Simpson,* 111 R. I. 12, 298 A.2d 526 (1973). Because it is our opinion that no evidence was adduced at trial which would warrant the jury's finding that defendants had breached any duty they owed to plaintiff, we conclude that the motion to direct was properly granted.

This court has never decided specifically that the status of a member of an occupier's household is that of a licensee. However, in *Pagliaro* v. *Pezza,* 92 R. I. 110, 167 A.2d 139 (1961), we did equate the status of a social guest invited in to the occupier's premises with the status of a member of the occupier's household. Further, in 2 Restatement (Second) *Torts* §330(h)(2) at 175 (1965), it is stated that among those persons included in the category of licensee are "[t]he members of the possessor's household, except boarders or paying guests and servants, who, as stated in

§332, Comments *i* and *j*, are invitees." In *Perry* v. *St. Jean,* 100 R. I. 622, 218 A.2d 484 (1966), we held that the status of a social guest is that of a mere licensee. It follows, then, that plaintiff in the instant case was a licensee to whom the occupier of the land owed only a limited duty of refraining from active negligence, of not knowingly letting him run upon a hidden peril, or of not willfully causing him harm. *Perry* v. *St. Jean, supra.*

It is not disputed that defendants here, who were on the land for the purpose of constructing the swimming pool, were independent contractors. We have held that an independent contractor working on behalf of a landowner is subject to liability for harm resulting from the dangerous condition created by the contractor despite the fact that he did not own the land on which the defect was introduced. *Cook* v. *Demetrakas,* 108 R. I. 397, 275 A.2d 919 (1971). *See also Kimatian* v. *New England Tel. & Tel. Co.,* 49 R. I. 146, 141 A. 331 (1928). This court further decided that in such circumstance the independent contractor is subject to no greater liability than the owner of the property would be. *Cook* v. *Demetrakas, supra* at 404-05, 275 A.2d at 923-24.

Therefore, in the instant case the duty owed by defendants to plaintiff, absent special circumstances which are not present here, does not exceed a landowner's duty to a licensee.[1] That duty has been defined as an obligation on the part of a defendant to refrain from active negligence, from knowingly permitting the licensee to come upon a hidden peril, or from willfully causing harm to the licensee. *Perry* v. *St. Jean, supra; Pagliaro* v. *Pezza, supra.* We now pass to a review of the evidence in the instant case and an appli-

---

[1]Because the injury out of which this case arose occurred prior to the time at which the rules enunciated in *Mariorenzi* v. *Joseph DiPonte, Inc.,* 114 R. I. 294, 333 A.2d 127 (1975), and *Haddad* v. *First Nat'l Stores, Inc.,* 109 R. I. 59, 280 A.2d 93 (1971), became operative, the law as stated in those cases is not applicable to any determination of the liability of the defendants in the case at bar.

cation thereto of the rule governing the duty owed by an independent contractor to a licensee.

The defendants' nonfeasance with respect to failing to cover or surround with barriers the excavation does not come within the definition of active negligence as set forth in *Perry* v. *St. Jean, supra.* In no respect does the evidence in the record indicate that defendants knowingly permitted plaintiff to come upon a hidden peril. The danger created by the excavation and hazards of the construction site was obvious to anyone who entered plaintiff's backyard. Thus, this court holds that upon viewing the evidence in a light most favorable to plaintiff, one cannot reasonably infer that defendants' omission constituted a breach of the duty they owed plaintiff. Consequently, the trial justice did not err in granting defendants' motion for a directed verdict.

The plaintiff contests the propriety of certain evidentiary rulings made by the trial justice. Since the evidence admitted after the plaintiff's objection is immaterial to the dispositive question in this case, we find it unnecessary to pass upon the correctness of these evidentiary rulings. The plaintiff also contends that the trial justice erred in instructing the jury. Because of our affirmance of the direction of the verdict is dispositive in the instant suit, determination of the correctness of such instructions is unnecessary to our decision.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

Petition to reargue denied.

*James M. Shannahan,* for plaintiff.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh,* for defendants.