348

356 A.2d 493.

KEVIN P. MAILLOUX, *p.a. vs.* STEVE SOUCY CONSTRUCTION Co., INC. *et al.*

MAY 10, 1976.

PRESENT: Paolino, Acting C. J., Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This civil action was brought by a minor suing through his father and next friend to recover damages for personal injuries sustained by the minor, and by the father for consequential damages suffered by him as the result of the defendants' alleged negligence. The case is here on the plaintiffs' appeal from a Superior Court order granting the defendants' Super. R. Civ. P. 56(c) motions for summary judgment. Since the father's case is dependent upon the minor's, we shall discuss this appeal as though only the latter case was before us, but with the understanding that our decision in the minor's case will apply also to the father's.

The plaintiff alleges in his complaint that he was at play on a construction site in the city of Warwick on which defendants were engaged in preliminary work for the construction of apartments; that there were no walls, fences or warning signs around said property; and that it was common for young boys living in the neighborhood to enter upon said premises as licensees and play thereon.

The plaintiff further alleges that it was the duty of defendants to avoid any acts of active negligence which might physically endanger said licensees; that in breach of said duty, "* * * defendants, by and through their agents and servants, did negligently place a large and heavy cement sewer pipe upon or along a dirt road, knowing that said road was upon an incline and that said pipe was round * * *"; and that as a result of said negligence the pipe rolled upon the body of plaintiff causing serious injury, extensive pain and suffering, and some permanent physical damage.

The pleadings, depositions and interrogatories disclose the following undisputed facts. On September 14, 1970, 12-year-old Kevin P. Mailloux, plaintiff, entered property of Kelly & Picerne, Inc., one of the defendants. Kevin was considered for the purposes of these motions as a licensee whose presence on the premises was known or should have been known by defendants. Kelly & Picerne's agent or servant, Soucy, the other defendant, was in the process of constructing apartment buildings on Kelly & Picerne's land. A large and heavy round concrete sewer pipe had been left along a dirt road by defendants. The road was on an incline and the pipe was not held in position by wedges or stops of any kind nor was a warning posted.

Kevin and a friend had been at play in the area and having tired from bicycling they sat down on the uphill side of the concrete pipe and leaned against it. After

about eight seconds, it began to roll down the hill. The boys, not wanting the pipe to cause damage, attempted to halt its motion down the hill by running after it and attempting to stop it from behind. They did not move in front of the pipe in their attempts to stop it but Kevin was somehow thrown over it and in front of it. The pipe rolled over Kevin crushing his pelvis and causing other serious injury.

The motions for summary judgment were heard on the basis of the pleadings, depositions and interrogatories. At the hearing in that court plaintiff's counsel stated that the question before the court was whether the cause of action set forth in his complaint comes within the purview of *Perry* v. *St. Jean,* 100 R. I. 622, 218 A.2d 484 (1966), that is, whether the allegations of the negligent placement of the pipe was active or passive negligence. He conceded that if defendants were only passively negligent, there was no liability.

The trial justice found (1) that the placing of the cement pipe on the incline was a condition of passive negligence, as that term is used in *Perry* v. *St. Jean, supra,* (2) that the placing of the pipe by defendants was not the proximate cause of the injury, and (3) that even if the placing of the pipe is considered as active negligence, plaintiff is barred because he was guilty of contributory negligence.

As indicated by the foregoing, the parties and the trial justice assumed that the case at bar was controlled by *Perry* v. *St. Jean, supra.* In that case the plaintiff was injured while a social guest on the defendant's premises when she fell from a horse which she was riding together with the defendant's daughter, who was acting as the defendant's servant and agent. The plaintiff alleged that she was in the exercise of due care and fell because the defendant, by his agent, negligently saddled and managed

the horse. After pointing out that in this state a social guest upon the premises of another is a mere licensee to whom the occupier of land owes only the limited duty of not knowingly letting him run upon a hidden peril or of not wilfully causing him harm, *Pagliaro* v. *Pezza,* 92 R. I. 110, 112, 167 A.2d 139, 141 (1961), we went on to say that the standard referred to, although apparently stated by us as being of general application in each case where it had been applied, related to a defective or passive condition of the premises. We noted that we had not previously directly considered the duty of an occupier to avoid injuring by a positive act of negligence a licensee known by the occupier to be on his premises. *Perry* v. *St. Jean, supra* at 623-24, 218 A.2d at 485.

In *Perry,* we further discussed the distinction between an injury resulting from the passive condition of the premises on the one hand and an occupier's active negligence on the other and cited, with approval, the following language from *Potter Title & Trust Co.* v. *Young,* 367 Pa. 239, 242-43, 80 A.2d 76, 78 (1951):

> "* * * 'passive negligence' denotes negligence which permits defects, obstacles or pitfalls to exist upon the premises, in other words, negligence which causes dangers arising from the physical condition of the land itself. 'Active negligence', on the other hand, is negligence occurring in connection with activities conducted on the premises, as, for example, negligence in the operation of machinery or of moving vehicles whereby a person lawfully upon the premises is injured."

We then pointed out that the distinction was significant because the modern authorities, although in many instances still adhering to the rule set forth in *Pagliaro* v. *Pezza, supra,* at least as to the existent conditions of the permises, depart from that view when the injury is caused by an occupier's affirmative conduct and hold the occupier to the duty of exercising due care to avoid injuring a

licensee of whose presence on the premises he either is or should be aware. We cited the following statement of the rule and examples of active negligence by Professor Prosser in Prosser, *Torts* §60 at 388-89 (3d ed. 1964):

> "It is now generally held that as to any active operations which the occupier carries on, there is an obligation to exercise reasonable care for the protection of a licensee. He must run his train, operate his machinery, or back his truck with due regard for the possibility that the permission given may have been accepted and the licensee may be present."

To the examples given by Professor Prosser this court in *Perry* v. *St. Jean, supra* at 625, 218 A.2d at 486, added that the occupier of land owed the same duty in the following situations:

> "* * * when he shuts off the gas in his heater, *Lordi* v. *Spiotta,* [133 N.J.L. 581, 45 A.2d 491 (1946)] or swings a golf club, *Potts* v. *Amis,* 62 Wash.2d 777, or operates a motor boat, *Petition of Liebler,* 19 F. Supp. 829, or places a hose reel on a path where he knows his guest will walk after dark, *Olderman* v. *Bridgeport-City Trust Co.,* 125 Conn. 177, or operates an elevator, *Lucas* v. *Walker,* 22 Cal.App. 296, or drives a sleigh, *Pigeon* v. *Lane,* 80 Conn. 237."

In *Perry,* we saw no reason to distinguish from the foregoing illustrations the case of a host who invites a guest upon his premises to ride a horse and we, therefore, held that the allegations stated a case of active negligence requiring the application of the modern rule, that is, the duty to exercise reasonable care for the protection of a licensee. *Id.*

The initial question raised by this appeal is whether the trial justice erred in holding that the placing of the round concrete pipe on the incline created a passive condition. In so finding the trial justice expressly distinguished the case of *Olderman* v. *Bridgeport-City Trust Co.,* 125 Conn. 177, 4 A.2d 646 (1939), where the occupier

of the land placed a hose reel on a path where he knew his guest would walk after dark. The plaintiff argues that the hose reel case and the case at bar are indistinguishable and that the trial justice's conclusion to the contrary is erroneous.

Approaching the plaintiff's claim of error in the context of our opinion in *Perry* v. *St. Jean, supra,* we conclude that the trial justice did not err in finding that the hose reel case and the case at bar are distinguishable. In the former case the landlord placed the hose reel on a path where he knew his guest would walk after dark — he created a trap. That is not the situation in the case at bar. Nor is the situation here like any of the other examples of active negligence cited in *Perry.* While all of those cases involved situations where the defendant was actually doing something at the time of the injury, the present defendants merely permitted a condition to exist upon the premises which caused the physical condition of the land itself (i.e., the incline) to create the danger to the plaintiff. For the reasons stated we agree with the trial justice's finding that the placing of the round cement pipe on the incline created a passive condition and, therefore, on these facts there was no liability on the defendants' part.[1] In view of this conclusion we do not reach and therefore do not decide the question of proximate cause and contributory negligence.[2]

---

[1] Recently in *Hone* v. *Lakeside Swimming Pool & Supply Co.,* 114 R. I. 394, 333 A.2d 430 (1975), following the definition of active negligence as set forth in *Perry* v. *St. Jean,* 100 R. I. 622, 218 A.2d 484 (1966), we held that a defendant was not actively negligent in leaving a swimming pool excavation uncovered and without a barricade.

[2] Because the injury out of which this case arose occurred prior to the time at which the rules enunciated in *Mariorenzi* v. *Joseph DiPonte, Inc.,* 114 R. I. 294, 333 A.2d 127 (1975) (trespassing child case) and *Haddad* v. *First Nat'l Stores, Inc.,* 109 R. I. 59, 280 A.2d 93 (1971) (trespassing child case), became operative, the law as stated in those cases is not applicable to any determination of the liability of the defendants in the case at bar.

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court for further proceedings.

*Stephen J. Brunero,* for plaintiffs.

*John G. Carroll,* for Steve Soucy Construction Co., Inc. and Steve Soucy.

*Roberts & Willey Incorporated, David W. Carroll,* for Kelly & Picerne, Inc., defendants.