No. 48,669

Susan K. Zuther (Cherniss), *Appellant,* v. Joyce Schild and Alvin Schild, *Appellees.*

(581 P.2d 385)

Opinion filed July 21, 1978.

*Jerry L. Donnelly,* of Lawrence, argued the cause and was on the brief for the appellant.

*Fred N. Six,* of Barber, Emerson, Six, Springer & Zinn, of Lawrence, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

Miller, J.: This is an appeal by the plaintiff, Susan K. Zuther, from summary judgment entered against her and in favor of the defendants, Joyce and Alvin Schild, in an action for damages for personal injuries sustained by plaintiff in a fall at the home of defendants.

The issues are whether we should abandon the traditional classification of trespasser, licensee and invitee, and the corresponding duties owed to each; and whether plaintiff was an invitee or a licensee under the undisputed facts. As to the first issue, we considered discarding the classifications, and declined to do so, in *Gerchberg v. Loney,* 223 Kan. 446, 576 P.2d 593 (1978). We adhere to the conclusion so recently reached.

The facts, briefly, are these: the plaintiff and her daughter went to the Schild home in the afternoon of February 7, 1973, to attend a girl scout troop meeting. Plaintiff was a volunteer assistant leader; she received no monetary or other economic compensation for her services, nor was she reimbursed for her actual expenses. Her daughter was a member of the troop. Plaintiff knew that the streets and sidewalks were icy, and walking and driving conditions were extremely hazardous on the day in question. Plaintiff left hurriedly, slipped on the ice on the front porch, fell down the front steps, and sustained injury.

The trial court found that plaintiff was a licensee as a matter of law, and entered judgment for the defendants. We agree. In *Weil*

*v. Smith,* 205 Kan. 339, 469 P.2d 428 (1970), Justice Fontron, speaking for a unanimous court, said:

"In many instances, if not, indeed, in most, it can be said that status of a visitor may be determined as a matter of law. For example, we have not hesitated to say that one who enters a retail store for the purpose of making a purchase therein is a business invitee. (*Little v. Butner,* 186 Kan. 75, 348 P.2d 1022; *Marietta v. Springer,* 193 Kan. 266, 392 P.2d 858.) On the other hand, we have been consistent in holding that one who makes a social visit, even by express invitation, is merely a social guest and does not come within the category of either a business or a public invitee. (*Ralls v. Caliendo,* 198 Kan. 84, 422 P.2d 862; *Duckers v. Lynch,* 204 Kan. 649, 465 P.2d 945.)

"There are however, situations where the line between social and business visitors may not be drawn so clearly; where the benefit to the landowner or the mutuality of interest and advantage to both invitor and invitee may not be so obvious or patent. Occasions may arise when the evidence, and the reasonable inferences to be drawn therefrom, may reasonably admit of more than one conclusion, and where such be the case, the matter is one of fact for submission to a jury—or to the court where it is acting as the trier of the facts. . . ." (p. 343.)

Here we think the facts lend themselves to but one conclusion: that plaintiff was a social guest.

As we have said many times, an invitee is one who enters or remains on the premises of another at the express or implied invitation of the possessor of the premises *for the benefit of the inviter, or for the mutual benefit and advantage of both inviter and invitee.* An occupier of land must exercise reasonable care for an invitee's safety. The occupier must protect and warn the invitee of any danger which may be reasonably anticipated.

A licensee is one who enters by virtue of either express or implied consent of the possessor of the premises, but the benefit requirement is absent. A social guest has the status of a licensee. An occupier of land owes a licensee only a limited duty: to refrain from willfully or wantonly injuring the visitor.

An invitee is often referred to as a "business visitor." The *benefit* necessary to convert a licensee to an invitee is ordinarily a business, economic, pecuniary or commercial benefit. Emotional or psychological benefit, such as one might gain when visiting or attending social gatherings in the home of friends, is not sufficient, else every licensee would become an invitee.

Under the facts at hand we hold that plaintiff was but a social guest, and therefore a licensee. Since no willful or wanton conduct resulting in injury is claimed, the trial court properly entered summary judgment.

The judgment is affirmed.

Owsley and Prager, JJ., concur in the result.