No. 54,391

RENEE GEORGE MERCER, *Appellant*, v. ELDEN FRITTS and MRS. BETTY FRITTS, *Appellees*.

(689 P.2d 774)

Opinion filed October 26, 1984.

*Dan L. Wulz,* of Schroer, Rice, Bryan & Lykins, P.A., of Topeka, argued the cause and was on the briefs for appellant.

*J. Franklin Hummer,* of Davis, Unrein, Hummer & McCallister, of Topeka, argued the cause and was on the briefs for appellees.

*Steve R. Fabert,* of Fisher, Patterson, Sayler & Smith, of Topeka, was on the *amicus curiae* brief for the Kansas Association of Defense Counsel.

*Robert E. Keeshan,* of Hamilton, Peterson, Tipton, Muxlow & Keeshan, of Topeka, was on the *amicus curiae* brief for the Kansas Trial Lawyers Association.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by the plaintiff, Renee George Mercer, from an order of the trial court granting summary judgment in favor of the defendants, Elden Fritts and his wife, Betty Fritts. The Court of Appeals reversed the trial court's order and directed that the case be remanded for further proceedings. *Mercer v. Fritts,* 9 Kan. App. 2d 232, 676 P.2d 150 (1984). We granted a petition for review of that decision.

The facts surrounding the injuries received by plaintiff are set forth in detail in the Court of Appeals opinion and need not be repeated here. Briefly summarized it appears plaintiff was an admitted social guest at defendants' rural home and was allowed to ride a stallion owned by the defendants. Elden Fritts brought a mare into the view of the stallion; the stallion reared and fell upon plaintiff, who sustained serious personal injury. Plaintiff does not contend that the defendants were guilty of any willful or wanton conduct which led to her injuries.

The trial court, in granting summary judgment in favor of

defendants, ruled that the law of premises liability controlled and in the absence of any willful or wanton conduct the defendant landowners would not be held responsible for injury to a social guest or licensee upon their property. Appellant contends the premises liability doctrine is not applicable and that the law pertaining to injury by an animal is the proper one to be applied to the facts of this case. The Court of Appeals so held and we agree with the majority of that court. The trial court and Chief Judge Foth, in his dissent in this case, were of the opinion that our decisions in *Britt v. Allen County Community Jr. College,* 230 Kan. 502, 638 P.2d 914 (1982); *Zuther v. Schild,* 224 Kan. 528, 581 P.2d 385 (1978), and *Gerchberg v. Loney,* 223 Kan. 446, 576 P.2d 593 (1978), required the application of premises liability law as opposed to animal law. While it is true that the application of the law of premises liability, as it now stands in Kansas, and animal law to the facts of this case result in inconsistent standards of care, we are of the opinion that the conclusion reached by the majority of the Court of Appeals is correct. The Honorable Frederick Woleslagel, District Judge Retired, sitting with the Court of Appeals, in a well-reasoned opinion, has adequately covered the arguments and positions of the parties in the majority opinion in this case and we see nothing to be gained by repeating what has already been said in that opinion or by unduly extending this opinion. We concur with the results reached in that opinion.

Appellant's second point on appeal is that if this court should determine that premises liability law is controlling then we should reconsider and abolish the distinctions in the duty owed by a landowner to an invitee and that owed to a licensee as adhered to in *Britt* and its predecessors. In view of our decision that premises law does not apply in this case we do not reach that point.

The decision of the Court of Appeals is affirmed, the decision of the district court is reversed and the case is remanded to the district court for further proceedings consistent with the views expressed by the Court of Appeals.

PRAGER, J., concurring. I concur in the result in this case. However, I cannot in good conscience approve the rationale of the majority opinion, for I believe it will bring confusion to the

law of this state. This case raises a legal issue as to the duty owed by a landowner to a social guest who has the legal status of a licensee. I would hold that, as to invitees and licensees, this court should abolish the status classification system or premises doctrine and establish a rule that the standard of a land occupier's duty to all persons who come upon the premises with his consent is to exercise reasonable care under the circumstances. This position was the basis for my dissenting opinions in *Gerchberg v. Loney,* 223 Kan. 446, 455, 576 P.2d 593 (1978), and *Britt v. Allen County Community Jr. College,* 230 Kan. 502, 510, 638 P.2d 914 (1982).

The common-law approach to the problem of a landowner's liability in tort to a person who comes upon the premises and is injured thereon has been to measure the duty of the occupier according to the status of the entrant at the time of the accident. Traditionally entrants have been classified as invitees, licensees, or trespassers. As to a business invitee, a landowner has the legal duty to exercise reasonable care to protect the entrant from injury. As to licensees or trespassers, a landowner owes only the legal duty to refrain from willfully or wantonly injuring him. Because of the harshness and injustice of this common-law rule, down through the years the American courts have sought to modify the rule and substitute a more logical and humane rule to govern the liability of a landowner.

Some of the American courts have broadened the rule to apply the same duty of reasonable care under the circumstances to licensees as well as to invitees. Other courts have created an exception to the common-law rule where the landowner was guilty of active negligence which occurred after the injured licensee arrived on the premises. Although the common-law rule has been challenged in this state, the Supreme Court of Kansas has adhered to the rule that a licensee, who suffers personal injuries on the land of another, may recover from the landowner only if the landowner was guilty of willful or wanton misconduct.

In the case now before us, it is undisputed that the plaintiff, Renee Mercer, was a social guest of the defendants, Elden and Betty Fritts. For purposes of this appeal, we must assume that she suffered personal injuries as a result of the negligence of the defendant, Elden Fritts, in his handling of a stallion. The rule has consistently been applied in this state that where one is

invited as a social guest to come upon the premises of another, the guest is, in a legal sense, a mere licensee, even though he or she was expressly invited. In *Ralls v. Caliendo,* 198 Kan. 84, 422 P.2d 862 (1967), it was held that the only duty an owner or occupier of land owes to a mere licensee is the duty to refrain from willfully, intentionally, or recklessly injuring him. The majority opinion in *Ralls,* written by Justice Fatzer, held that, although the defendant may have been negligent, since there was no evidence of more than ordinary negligence, the injured social guest had no right of action against her host. Justice Fatzer also wrote a concurring and dissenting opinion criticizing the rule of law applied and the result reached in the case. He stated:

"Before concluding, I feel compelled to say the view of hospitality taken by the court that the only duty owed to a social guest is to refrain from willfully, intentionally or recklessly injuring him finds no place at the social firesides of this state. In the classification of the status of persons coming upon the premises of the owner, a social guest should not be left destitute of legal protection, or hanging on the cliff of such frozen inhospitality. Why, in common sense, should a person who is warmly and cordially invited to his host's home for his pleasure (otherwise the invitation would not be extended) be afforded no more protection under the law than that of a trespasser." p. 92.

In this case, the injured social guest, Renee Mercer, urged the Court of Appeals to abolish the status classification and to place upon a landowner the duty to a social guest to use reasonable care under the circumstances. This contention was rejected by the Court of Appeals. Renee also urged the Court of Appeals, at the very least, to authorize an active negligence exception to the premises doctrine in Kansas. The Kansas Court of Appeals likewise rejected the active negligence exception. Those courts which have adopted the active negligence exception have modified the premises doctrine to hold that if the owner, while the licensee is upon the premises in the exercise of due care, is affirmatively and actively negligent in the management of his property or business, as a result of which the licensee is subjected to increased hazard and danger, the owner will be liable for injuries sustained as a result of such active misconduct. That rule was recognized and followed by this court in *Montague v. Burgerhoff,* 150 Kan. 217, 223-24, 92 P.2d 98 (1939). *Montague* has been cited in subsequent Kansas cases but has never been expressly overruled. The active negligence exception to the premises doctrine, however, has been expressly and unequivo-

cally rejected in our recent cases. *Gerchberg v. Loney,* 223 Kan. 446; and *Britt v. Allen County Community Jr. College,* 230 Kan. 502.

In this case, the Court of Appeals, and the majority of this court on petition for review, have likewise rejected the active negligence exception to the common-law rule. The majority of the panel, and Chief Judge Foth in his dissenting opinion, have strongly indicated their philosophical dissatisfaction with the premises doctrine. They felt compelled, however, to follow the decisions of this court which have rejected any modifications of the premises doctrine, including the active negligence exception. But the majority of the Court of Appeals and the majority of this court have apparently found a way to apply indirectly the active negligence exception where a social guest is injured by a horse. They have done so by holding that the premises doctrine is to be ignored and that animal law is to be applied in this case. Chief Judge Foth, in his dissenting opinion, could not accept this reasoning, because he could not see the doctrine of "animal law" as affording a route around the obstacle posed by *Britt* and *Gerchberg.* He correctly observed that the basis of liability of the keeper of an animal is failure to exercise reasonable care or ordinary negligence. We so held in *Gardner v. Koenig,* 188 Kan. 135, 360 P.2d 1107 (1961).

As the law of Kansas now stands, in view of the opinion of the Court of Appeals adopted by this court, if a social guest is injured by a horse as a result of the negligence of her host, there may be a recovery in the courts. But the same protection may not be given where the social guest is injured by active negligence of the host by some act not involving animal law. Whatever happened to equal protection of the laws?

A "bay horse" case, decided by the Supreme Court of Rhode Island in 1966, is *Perry v. St. Jean,* 100 R.I. 622, 218 A.2d 484 (1966). In *Perry,* the plaintiff, a social guest, while on the premises of her host, suffered personal injury when she fell from her host's horse as a result of the negligent saddling of the horse by the host's agent. Up to that time, the Supreme Court of Rhode Island had followed the premises doctrine and had not recognized the active negligence exception. The Supreme Court of Rhode Island, in its wisdom, adopted the active negligence exception to the premises doctrine. It made a distinction be-

tween an injury resulting from a passive condition of the premises on the one hand and the occupier's active negligence on the other by quoting the following language from *Potter Title & Trust Co. v. Young*, 367 Pa. 239, 242-43, 80 A.2d 76 (1951):

" '* * * "[P]assive negligence" denotes negligence which permits defects, obstacles or pitfalls to exist upon the premises, in other words, negligence which causes dangers arising from the physical condition of the land itself. "Active negligence", on the other hand, is negligence occurring in connection with activities conducted on the premises, as, for example, negligence in the operation of machinery or of moving vehicles whereby a person lawfully upon the premises is injured.' " 100 R.I. at 624.

The court gave some examples of active negligence on the part of the landowner. Included were situations where the landowner fails to shut off the gas in his heater, or swings a golf club, or operates a motorboat, or places a hose reel on a path where he knows his guest will walk after dark, or operates an elevator, or drives a sleigh. The Rhode Island court held the active negligence exception was applicable to a social guest who was injured by a horse.

It now appears that the appellate courts of Kansas will determine the duty owed by a landowner/host to his social guest on a case-by-case basis, which will depend upon the instrumentality which caused the social guest to be injured. A social guest from this day forward will be protected where her host negligently fails to control his horse. There is a question, however, whether a social guest will be protected where she is struck by a nine iron negligently swung by her host. The law is also uncertain whether a social guest will have a legal action to recover where her host negligently runs her down with his automobile or negligently drops a tray of decanters on her head as she is sitting in his living room. By virtue of our decision in *Britt v. Allen County Community Jr. College*, 230 Kan. 502, a social guest has no right of action where her host negligently hits her with a piano.

Stated simply, it seems to me that this court has a duty to tell the interested citizens of this state whether or not Kansas has adopted the active negligence exception to the premises doctrine. If we have, we should say so. If we have not, we should say so. It is the uncertainty created by the decision of the Court of Appeals, adopted by the majority of this court, that causes me concern. For the reasons stated, I concur in the result.